# Supreme Court of Florida

_____

No. SC15-875

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES FOR CERTIFIED AND COURT-APPOINTED MEDIATORS.**

[October 27, 2016]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules for Certified and Court-Appointed Mediators (Mediator Rules). We have jurisdiction. See art. V, § 2(a), Fla. Const.; § 44.106, Fla. Stat. (2016).

## BACKGROUND

The Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee) has filed a petition to amend the Mediator Rules. The petition represents several years of work by the Committee and the Dispute Resolution Center to redraft Part III (Discipline) of the Mediator Rules. The Committee indicates that the existing rules in Part III have often proven confusing, lacking in guidance, or inadequate to address the increasing number and complexity of grievances alleging violations of the Mediator Rules or issues of good moral

character in applicants for mediator certification. Accordingly, the proposals here are intended to close existing gaps in the rules, memorialize and clarify current procedures, and address situations for which no direction existed.

Because the Committee did not publish its proposals before submitting them, the Court published the proposed amendments for comment. We received comments from the Mediation/Arbitration Division of the Eleventh Judicial Circuit, and from the Alternative Dispute Resolution Section of The Florida Bar. The Committee filed a response to the comments; in some instances, its response included revised rule proposals. The Court heard oral argument on the proposed amendments.

We have fully considered the Committee's proposals, the comments, and the issues raised at oral argument. As discussed in this opinion, we adopt the Committee's proposed amendments, with some modifications. We discuss some of the more significant amendments to the Mediator Rules below.

## AMENDMENTS

Initially, the title of Part III of the Mediator Rules is changed to "Mediation Certification Applications and Discipline," in order to better reflect that this Part covers both discipline of certified mediators and the qualifications for applicants for mediator certification. Similarly, rule 10.700 (Scope and Purpose) is amended, as proposed by the Committee, to clarify that Part III applies to all proceedings

before investigatory committees and adjudicatory panels of the Mediator

Qualifications and Discipline Review Board (MQDRB) (formerly the Mediator

Qualifications Board), including applications for certification, as well as discipline

of certified and court-appointed mediators.

Rule 10.720 (Definitions) is amended to include several new definitions.

Subdivision (a) (Applicant) provides that the term "applicant" encompasses any

new applicant for mediator certification, applicants seeking renewal of a current

certification, applicants applying for additional types of certifications, or applicants

seeking reinstatement of a certification. Subdivision (e) (File) provides a new

definition for the term "file," now requiring persons to deliver any pleadings,

motions, instruments, or other papers to the Dispute Resolution Center.

Additionally, we add new subdivisions (j) (Panel Adviser) and (k) (Prosecutor). A

panel adviser is a member of The Florida Bar retained by the Dispute Resolution

Center to assist the hearing panel in performing its functions during a hearing. The

prosecutor is a member of the Bar retained by the Center to prosecute a complaint

before a hearing panel. The prosecutor is authorized to perform additional

investigation to prepare a case, negotiate a consent to charges and an agreement to

the imposition of sanctions, and to fully prosecute the case.

Also in rule 10.720, we have amended or added several new terms to reflect

the new procedures in Part III for handling grievances. Under these amended

rules, grievances alleging issues of good moral character in applicants, and grievances alleging violations of the Mediator Rules by certified and court-appointed mediators, will be processed in separate tracks. Accordingly, the general term "complaint" in existing subdivision (c) is deleted and replaced with the new terms "Good Moral Character Inquiry" in subdivision (f) and "Rule Violation Complaint" in subdivision (m). As proposed by the Committee, a "Good Moral Character Inquiry" is the process that is initiated when the Dispute Resolution Center becomes aware of information relating to the good moral character of any certified or court-appointed mediator or applicant for certification, and a "Rule Violation Complaint" is the formal submission by any person or the Dispute Resolution Center of an alleged rule violation committed by a certified or court-appointed mediator. Similarly, the terms "Qualifications Complaint Committee" and "Complaint Committee" are deleted and replaced with the terms "Qualifications Inquiry Committee," or QIC, in new subdivision (l) and "Rule Violation Complaint Committee," or RVCC, in new subdivision (n). The QIC is composed of four members of the MQDRB selected by rotation for a one-year term to conduct investigations and dispose of good moral character inquiries; we have revised the Committee's proposal in subdivision (l) to clarify that the QIC will conduct investigations and address good moral character inquiries for any applicant. The RVCC will be composed of three members of the MQDRB

selected by rotation to investigate and dispose of a specific rule violation complaint against a certified or court-appointed mediator. The QIC and the RVCC serve as the investigatory arm of the process; once the QIC or the RVCC determines there is probable cause, the case is assigned to a panel for adjudication. As proposed by the Committee, subdivision (i) (Panel) now provides that the panel will be composed of five members of the MQDRB selected by rotation to adjudicate formal charges resulting from a rule violation or good moral character complaint. Panel members will be selected from the division of the MQDRB where the complaint arose, unless the Director of the Dispute Resolution Center finds good reason to choose members from another division.

We next amend rule 10.730 (Mediator Qualifications and Discipline Review Board), in subdivision (a) (Generally), to authorize a fourth standing division—the Southwest Division—of the MQDRB. The existing three divisions are labeled "Northern," "Central," and "Southeast," respectively. Subdivision (b)(5) (Composition of Divisions; Dependency Mediators) of rule 10.730 is amended to require that at least one dependency mediator serving as a member in each standing division of the MQDRB must be a non-lawyer. We also amend subdivision (b)(7) (Composition of Divisions; Attorneys) to allow both currently licensed attorneys and previously licensed attorneys who have or had a substantial trial or appellate practice, and who have knowledge of and experience with mediation practice,

statutes, and rules, to serve as members.  Subdivision (c) (Appointment and Term) is amended to provide that members of the MQDRB shall not serve more than three consecutive terms.  Finally, subdivisions (d) (Rule Violation Complaint Committee (RVCC)), (e) (Qualifications Inquiry Committee (QIC)), and (f) (Panels), are amended, as proposed by the Committee, to clarify the composition of the RVCC, the QIC, and the hearing panel.  As we have discussed, the RVCC will be composed of three members of the MQDRB selected to investigate a specific rule violation complaint against a certified or court-appointed mediator; each RVCC will cease to exist after disposing of the complaint to which it was assigned.  To the extent possible, members of the RVCC will be selected from the division where the alleged rule violation occurred.  The QIC is composed of four members, one from each of the four divisions of the MQDRB, selected to serve a one-year term and to investigate all good moral character inquiries that may arise during that period.  And the hearing panel will be composed of five members of the MQDRB selected on a rotation basis; like the RVCC, the panel is assigned to a single case and will cease to exist after the case is decided.

Rule 10.740 (Jurisdiction and Powers) is amended, as recommended by the Committee, to more clearly identify the powers of the RVCC, the QIC, the hearing panel and the chair of the panel, and the new Contempt/Disqualification Judge. Subdivisions (a) (RVCC) and (b) (QIC) provide that the judge or attorney serving

as chair of the committee shall have the power to compel: the attendance of any person at a proceeding before the RVCC or the QIC; statements, testimony, and depositions from any person; and the production of documents, records, and other evidence. The RVCC and the QIC also have the authority to resolve cases prior to referring them to a panel. Subdivision (d) (Panel Chair) outlines the powers of the judge serving as chair of the hearing panel. These are largely the same as those in the current rule, except that the chair shall now have the power to implement procedures during the hearing, determine the admissibility of evidence, and decide motions. Finally, we add a new subdivision (e) (Contempt/Disqualification Judge) to rule 10.740, as proposed by the Committee in its response to comments, to provide that one judge member from each division of the MQDRB shall be designated to serve as the Contempt/Disqualification Judge for a one-year term. The Contempt/Disqualification Judge will hear all motions for contempt at the complaint committee level—including motions for contempt filed by the RVCC or the QIC <u>and</u> those brought by the mediator or applicant—as well as motions to disqualify any member of the RVCC, the QIC, or the Panel Chair.

Rule 10.750 (Contempt Process) will now serve as a stand-alone rule addressing the contempt process. The rule, as proposed by the Committee in response to comments, provides in subdivision (a) (General) that, if any person fails to respond to a lawful subpoena of the RVCC, QIC, or panel, refuses to

answer all inquiries or to turn over all evidence lawfully subpoenaed, or engages in disorderly conduct, he or she may be found in contempt. Subdivision (b) (RVCC or QIC Contempt) states that a motion for contempt, together with a proposed order to show cause, may be filed before the Contempt/Disqualification Judge in the division where the matter is pending. Alternatively, subdivision (c) (Panel Contempt) provides that the chair of a panel may hear motions for contempt filed either before or during a hearing, or for conduct occurring during the hearing.

We adopt new rule 10.760 (Duty to Inform), requiring a certified mediator to inform the Dispute Resolution Center in writing within thirty days of having been reprimanded, sanctioned, or otherwise disciplined by any court, administrative agency, bar association, or other professional group. We have modified the Committee's proposal to delete the term "admonish" and we emphasize that this rule requires certified mediators to report only those actions that the sanctioning entity would consider to be a disciplinary measure.

We made significant amendments to rule 10.800 (Good Moral Character Inquiry Process), as proposed by the Committee, to clarify procedures for investigating an applicant's good moral character, from the filing of an "inquiry" to the preparation of formal charges for submission to a hearing panel. Initially, subdivision (a) (Generally) now provides that any issues pertaining to the good moral character of an applicant will be heard by the QIC, which will determine if

the applicant has the good moral character necessary for certification pursuant to Mediator Rule 10.110 (Good Moral Character).[1]  As the first step in this process, pursuant to subdivision (c) (Initial Review), the Dispute Resolution Center will review applications for certification to determine whether the applicant appears to meet the standards for good moral character in rule 10.110.  If the Center's review raises questions as to the applicant's good moral character, it shall request that the applicant supply additional information.  Thereafter, if the information continues to raise questions as to the applicant's character, the Dispute Resolution Center will forward the application and supporting materials to the QIC as an "inquiry." Subdivision (e) (Notification) requires the Dispute Resolution Center, within ten days of referring a matter to the QIC, to send notice of the inquiry to the applicant.

Subdivisions (d) (Process), (f) (Investigation), (g) (QIC Meeting with the Applicant), (h) (Notice and Publication), (i) (Review), (j) (No Probable Cause), (k) (Probable Cause and Formal Charges), (l) (Withdrawal of Application), and (m) (Panel) in rule 10.800 outline the QIC's process in reviewing an "inquiry." Pursuant to subdivision (d)(1), pertaining to new applications for certification, and

---

1. Rule 10.110 provides that no person shall be certified as a mediator unless he or she "first produces satisfactory evidence of good moral character." The rule outlines eleven factors to consider in assessing whether the applicant's or mediator's conduct demonstrates a lack of good moral character.  See Fla. R. Med. 10.110(a), (c)(4).

subdivision (d)(2), relating to applicants seeking a renewal of certification, the QIC may review inquiries submitted by the Dispute Resolution Center and recommend approving the application. Alternatively, if the QIC finds reason to believe that the applicant lacks good moral character it may: offer the applicant an opportunity to withdraw his or her application prior to finding probable cause; allow the applicant to satisfy additional conditions; or prepare a complaint. Subdivisions (d)(1)(C) and (d)(2)(C) provide that the complaint will be submitted to the Dispute Resolution Center for forwarding to the applicant. The applicant shall respond to the complaint within twenty days of receiving it (unless the Dispute Resolution Center extends the time in writing). After receiving the applicant's response, the QIC may dismiss the complaint and approve the application or it may make a finding of probable cause. More specifically, subdivision (i) (Review) provides that the QIC shall review all information before it and determine if there is probable cause to believe that the alleged conduct would constitute evidence of the applicant's lack of good moral character. Pursuant to subdivision (j) (No Probable Cause), if the QIC finds no probable cause, it will dismiss the inquiry and advise the applicant in writing. Alternatively, under subdivision (k) (Probable Cause and Formal Charges), if the QIC finds probable cause to believe that the applicant lacks the good moral character necessary to be certified as a mediator, it will draft formal charges and forward such charges to the Dispute Resolution Center for assignment

to a hearing panel. The charges shall include a statement of the matters regarding the applicant's lack of good moral character, with references to the related rules. Finally, pursuant to subdivision (l) (Withdrawal of Application), if an applicant withdraws his or her application for certification, the QIC does not lose its jurisdiction to continue prosecuting the case under these procedures.

The commenters argue that rule 10.800 (and rules 10.810 (Rule Violations Complaint Process) and 10.820 (Hearing Panel Procedures), discussed below) do not impose specific time frames for the QIC (and the RVCC and hearing panel) to act, but do impose such time frames on the applicant or mediator, in violation of fundamental fairness and due process. As the Committee points out in its response, both the Rules of the Supreme Court Relating to Admissions to the Bar and the Rules Regulating the Florida Bar, on which these Mediator Rules are modeled, also do not impose specific time frames for the Florida Board of Bar Examiners or The Florida Bar to act in their investigations. However, in adopting rules 10.800, 10.810, and 10.820, we express no opinion as to their constitutionality. See Amends. to Fla. Family Law Rules of Pro. (Rule 12.525), 897 So. 2d 467, 468 (Fla. 2005) ("In adopting this rule, we express no opinion as to its constitutionality."); Amend. to Rules of Juvenile Pro., Fla. R. Juv. P. 8.350, 842 So. 2d 763, 768 (Fla. 2003) ("In adopting this rule, we express no opinion as to its constitutionality.").

We also made substantial amendments to rule 10.810 (Rule Violations Complaint Process). This rule will now exclusively address the procedures for reviewing and investigating alleged violations of the Mediator Rules. First, in subdivision (a) (Initiation of Complaint), an individual or the Dispute Resolution Center may file a complaint alleging that a mediator violated one or more of the Mediator Rules. Complaints filed by individuals must be written, sworn, and notarized; a complaint initiated by the Dispute Resolution Center need not be sworn or notarized, but must be signed by the Center's director or staff attorney. Pursuant to subdivision (b) (Filing), all complaints must be filed with the Dispute Resolution Center, which will stamp the complaint with the date of receipt.

When the Dispute Resolution Center receives a complaint, subdivision (c) (Assignment to a Rules Violation Complaint Committee (RVCC)) of rule 10.810 requires it to assign the complaint to a RVCC within a reasonable period of time. The Dispute Resolution Center will send a notice of the complaint to the mediator "as soon as practical." Thereafter, under subdivision (d) (Facial Sufficiency Determination), the RVCC will convene by conference call to determine whether the allegations, if true, would constitute a violation of the Mediator Rules. If the RVCC determines that the complaint is facially insufficient, it is dismissed without prejudice and the complainant notified. We have revised the Committee's proposal in subdivision (d)(1) to allow the complainant only one opportunity to re-

file the complaint and establish facial sufficiency. If the RVCC determines that the complaint is facially sufficient, it will prepare a list of the rules that may have been violated and submit the list to the Dispute Resolution Center. Subdivision (e) (Service) requires the Center to serve the mediator, either electronically or by certified mail, with the list of alleged rule violations, a copy of the complaint, and a link to an electronic copy of the Mediator Rules. Subdivision (f) (Response) states that the mediator must send a written, sworn, and notarized response to the complaint by registered or certified mail within twenty days after receiving it. If the mediator fails to respond to the complaint within the time allowed, the allegations therein are deemed admitted and the matter may be referred to a hearing panel. Similar to the procedures in rule 10.800, subdivision (k) (Review) of rule 10.810 provides that, if no other disposition has occurred, the RVCC shall review the complaint, the response from the mediator, and any other information available and determine whether there is probable cause to believe that the alleged misconduct occurred and would constitute a violation of the Mediator Rules. Pursuant to subdivision (l) (No Probable Cause), if the RVCC finds no probable cause it will dismiss the complaint with prejudice, and such decision is final. Alternatively, under subdivision (m) (Probable Cause Found), if the RVCC finds that probable cause exists, it may draft formal charges and forward them to the Dispute Resolution Center for assignment to a panel. The RVCC is also

authorized to decide not to proceed with a case by filing an "Order of Non-Referral." Finally, subdivision (n) (Formal Charges and Counsel) is amended, as proposed by the Committee, to provide that, if the RVCC finds probable cause and prepares formal charges, the charges must include a statement of the allegations in the complaint, any additional information relevant to the finding of a rule violation, and references to the particular rules violated. The formal charges are signed by the chair, or by the other two members of the RVCC.

We amend rule 10.820 (Hearing Panel Procedures), as recommended by the Committee, to more thoroughly address the hearing panel's process during the adjudicatory stage of a case. Subdivision (a) (Notification of Formal Charges) requires that, when the QIC or a RVCC refers formal charges to the Dispute Resolution Center, the Center will promptly send a copy of the charges to the mediator or applicant (and to the complainant, if any), by certified mail. Subdivisions (b) (Prosecutor) and (c) (Panel Adviser) authorize the Dispute Resolution Center to retain a prosecutor and panel adviser to assist in the hearing. We amend subdivision (f) (Time of the Hearing) to grant the Center additional time to schedule a hearing—it is now required to schedule the hearing for a date not more than 120 days, and not less than 30 days, from the date of the notice advising the mediator or applicant that his or her case has been assigned to the panel.

Also in rule 10.820, subdivision (i) (Procedures for Hearing) is amended to outline in one place all the procedures that may apply during a hearing before the panel. We note several of these new procedures. Subdivision (i)(1) (Panel Presence) provides that no hearing shall be conducted without the chair being physically present; other panel members must be also be physically present, unless the chair determines that exceptional circumstances exist. Subdivision (i)(5) (Testimony) states that testimony may be given through telephonic or other communication equipment, upon a showing of good cause to the chair of the panel within a reasonable time prior to the hearing. The Committee indicates in its response to comments that any party may file a motion to allow testimony through telephonic equipment. The motion would be set for hearing and both parties afforded an opportunity to be heard on the issue. Subdivision (i)(10) (Mediator's or Applicant's Failure to Appear) provides that if the mediator or applicant fails to appear at the hearing, the panel may nonetheless proceed with the hearing. If the hearing is conducted without the mediator or applicant present, and the mediator or applicant did not respond to the underlying complaint (and as a result, the allegations in the complaint are deemed admitted), no further notice to the mediator or applicant is necessary and the decision of the panel is final. If the hearing is conducted and the mediator or applicant did respond to the underlying complaint, the Dispute Resolution Center will notify him or her that the hearing

- 15 -

occurred and whether sanctions were imposed. The mediator or applicant may petition for rehearing by showing good cause for his or her absence. The petition for rehearing must be received by the Dispute Resolution Center and the prosecutor within ten days after the Center notified the mediator or applicant of the panel's decision. The chair of the panel alone is authorized to conduct a hearing and decide the petition.

Rule 10.840 (Sanctions), as amended, now more clearly defines the sanctions that may be imposed against both applicants and mediators. In subdivision (b) (Types of Sanctions), we add the denial of an application so that the list includes sanctions appropriate for an applicant. Subdivision (b) also includes other sanctions currently authorized in existing Mediator Rules. We have revised the Committee's proposal in subdivision (b)(7) to limit suspensions to one year.[2] We have also revised the Committee's proposal in subdivision (b)(9) to limit the types of taxable costs to only those outlined in the rule.

Also in rule 10.840, subdivision (c) (Failure to Comply with Sanctions) sets out steps the Dispute Resolution Center may take if a mediator or applicant does not comply with any sanction. If there is a reasonable belief that a mediator or applicant failed to comply with a sanction, the Dispute Resolution Center may file

---

2. Existing Mediator Rule 10.830(a)(6) limits suspensions to one year.

a motion for contempt with the Contempt/Disqualification Judge in the division where sanctions were agreed to or imposed. The mediator or applicant is served with a copy of the motion and shall file a response within twenty days. If no response is received, the allegations in the motion are deemed admitted. The Dispute Resolution Center will set a hearing before the Contempt/Disqualification Judge, with notice to the mediator or applicant. We have revised the Committee's proposal in subdivision (c)(4), and we emphasize that the contempt hearing may address only those allegations of which the mediator or applicant has notice. However, subdivision (c)(4) provides that the holding of a hearing shall not preclude subsequent hearings on any other alleged failures to comply with a sanctions order or agreement. Any sanctions previously imposed against the mediator or applicant will continue in effect until the Contempt/Disqualification Judge reaches a decision. Finally, a finding by the Contempt/Disqualification Judge of a willful failure to substantially comply with any sanction shall result in the automatic decertification of the mediator for no less than two years.

In rule 10.850 (Suspension, Decertification, Denial of Application, and Removal), subdivision (a) (Suspension) provides that during a period of suspension, a mediator must continue to comply with all requirements for certification, including submission of a renewal application, fees, and continuing education requirements. Additionally, subdivision (c) (Automatic Decertification

or Automatic Denial of Application), as proposed by the Committee, now outlines instances requiring the automatic decertification of a mediator, or the automatic denial of an application for certification. Pursuant to subdivision (c)(1) (Conviction of Felony of Certified Mediator), if the Dispute Resolution Center finds that a certified mediator has a felony conviction, the mediator is automatically decertified; he or she may not apply for certification for two years, or until civil rights are restored, whichever occurs later. Similarly, in subdivision (c)(2) (Conviction of Felony of Applicant), if the Center finds that an applicant has a felony conviction and his or her civil rights have not been restored, the application will be automatically denied. Subdivision (c)(3) (Revocation of Professional License of Certified Mediator) requires that, if the Dispute Resolution Center finds that a certified mediator has been disbarred from any state or federal bar or has had any other professional license revoked, he or she will be automatically decertified, and is ineligible to reapply for certification for two years. And subdivision (c)(4) (Revocation of Professional License of Applicant) provides that, if the Center finds that an applicant has been disbarred from any state or federal bar or has had a professional license revoked, the applicant will be automatically denied certification and is precluded from reapplying for a period of two years. We amend the remaining subdivisions in rule 10.850 as proposed by the Committee in its response to comments.

Rule 10.870 (Confidentiality) will now address confidentiality of proceedings under the Mediator Rules. As recommended by the Committee, we have substantially amended existing provisions addressing confidentiality consistent with those adopted by the Court in May 1992, prior to the adoption of article I, section 24 (Access to Public Records and Meetings) of the Florida Constitution. Proposed Stds. of Prof. Conduct for Certified and Court-Appointed Mediators, 604 So. 2d 764 (Fla. 1992). The rule now provides that, until the finding of probable cause, all communications and proceedings are confidential. Upon the filing of formal charges, the formal charges and all documents created subsequent to the filing of formal charges shall be public, with the exception of those matters that are otherwise confidential under law or court rule.

Finally, we adopt new rule 10.890 (Limitation on Time to Initiate a Complaint), as proposed by the Committee in its response to comments, to set limits on the time to file a complaint alleging a violation of the Mediator Rules or an issue of good moral character. Subdivision (a) (Rule Violations) requires that complaints alleging violations of the Mediator Rules shall not be filed more than two years after the date on which the party had a reasonable opportunity to discover the alleged violation, and in no event more than four years after the matter occurred. Pursuant to subdivision (b) (Felonies), there is no limit on the time to file a complaint alleging a felony conviction by a mediator or applicant. And

subdivision (c) (Good Moral Character) states that a complaint alleging an issue of good moral character pertaining to an applicant for certification shall not be filed more than four years after the Dispute Resolution Center discovered the matter.

## CONCLUSION

Accordingly, we amend the Florida Rules for Certified and Court-Appointed Mediators as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2017, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules for Certified and Court-Appointed Mediators

Judge Rodney Smith, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Miami, Florida; Judge William David Palmer, Past Chair, Committee on Alternative Dispute Resolution Rules and Policy, Daytona Beach, Florida; and Susan Carolyn Marvin, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioners

Linda Kelly Kearson, General Counsel, Eleventh Judicial Circuit of Florida, Miami, Florida; and David Robert Hoyle, Chair, The Executive Council of the Alternative Dispute Resolution Section of The Florida Bar, Bradenton, Florida,

Responding with Comments

**APPENDIX**

**PART II.    STANDARDS OF PROFESSIONAL CONDUCT**

**RULE 10.200.      SCOPE AND PURPOSE**

These Rules provide ethical standards of conduct for certified and court-appointed mediators.  Court-appointed mediators are mediators selected by the parties or appointed by the court as the mediator in court-ordered mediations.  TheyThese Rules are intended to both guide mediators in the performance of their services and instill public confidence in the mediation process. The public's use, understanding, and satisfaction with mediation can only be achieved if mediators embrace the highest ethical principles. Whether the parties involved in a mediation choose to resolve their dispute is secondary in importance to whether the mediator conducts the mediation in accordance with these ethical standards.

**Committee Notes**

**2000 Revision.** In early 1991, the Florida Supreme Court Standing Committee on Mediation and Arbitration Rules was commissioned by the Chief Justice to research, draft and present for adoption both a comprehensive set of ethical standards for Florida mediators and procedural rules for their enforcement. To accomplish this task, the Committee divided itself into two sub-committees and, over the remainder of the year, launched parallel programs to research and develop the requested ethical standards and grievance procedures.

The Subcommittee on Ethical Standards began its task by searching the nation for other states or private dispute resolution organizations who had completed any significant work in defining the ethical responsibilities of professional mediators. After searching for guidance outside the state, the subcommittee turned to Florida's own core group of certified mediators for more direct and firsthand data. Through a series of statewide public hearings and meetings, the subcommittee gathered current information on ethical concerns based upon the expanding experiences of practicing Florida certified mediators. In May of 1992, Tthe "Florida Rules for Certified and Court--Appointed Mediators" became effective.

In the years following the adoption of those ethical rules, the Committee observed their impact on the mediation profession. By 1998, several other states and dispute resolution organizations initiated research into ethical standards for mediation

which also became instructive to the Committee. In addition, Florida's Mediator Qualifications Advisory Panel, created to field ethical questions from practicing mediators, gained a wealth of pragmatic experience in the application of ethical concepts to actual practice that became available to the Committee. Finally, ~~T~~the Florida Mediator Qualifications and Discipline Review Board, the disciplinary body for mediators, developed specific data from actual grievances filed against mediators over the past several years, which also added to the available body of knowledge.

Using this new body of information and experience, the Committee undertook a yearlong study program to determine if Florida's ethical rules for mediators would benefit from review and revision.

Upon reviewing the 1992 ethical Rules, it immediately became apparent to the Committee that reorganization, renumbering, and more descriptive titles would make the Rules more useful. For that reason, the Rules were reorganized into four substantive groups which recognized a mediator's ethical responsibilities to the "parties," the "process," the "profession" and the "courts." The intent of the Committee here was to simply make the Rules easier to locate. There is no official significance in the order in which the Rules appear; any one area is equally important as all other areas. The Committee recognizes many rules overlap and define specific ethical responsibilities which impact more than one area. Clearly, a violation of a rule in one section may very well injure relationships protected in another section.

Titles to the Rules were changed to more accurately reflect their content. Additionally, redundancies were eliminated, phrasing tightened, and grammatical changes made to more clearly state their scope and purpose.

Finally, the Committee sought to apply what had been learned. The 2000 revisions are the result of that effort.

## PART III.   ~~DISCIPLINE~~MEDIATION CERTIFICATION APPLICATIONS AND DISCIPLINE

## RULE 10.700.    SCOPE AND PURPOSE

These rules apply to all proceedings before ~~all panels and~~investigatory committees and adjudicatory panels of the ~~mediator qualifications board~~Mediator

- 23 -

Qualifications and Discipline Review Board (MQDRB) involving ~~the~~applications for certification or discipline ~~or suspension~~ of certified ~~mediators or non-certified mediators~~ and court-appointed ~~to mediate a case pursuant to court rules~~mediators. The purpose of these rules ~~of discipline~~ is to provide a means for enforcing the Florida Rules for Certified and Court-Appointed Mediators (Rules).

## RULE 10.710.    PRIVILEGE TO MEDIATE

~~Certification~~The privilege to mediate as a certified or court-appointed mediator is conditional, confers no vested right ~~to the holder thereof, but is a conditional privilege that~~, and is revocable for cause.

## RULE 10.720.    DEFINITIONS

(a)    ~~Board. The mediator qualifications board.~~**Applicant.**  A new applicant with no previous certifications, an applicant for renewal of a current certification, an applicant for additional certifications, and an applicant for reinstatement of certification.

(b)    ~~Center. The Florida Dispute Resolution Center of the Office of the State Courts Administrator.~~**Court-Appointed.**  Being appointed by the court or selected by the parties as the mediator in a court-ordered mediation.

(c)    ~~Complaint. Formal submission of an alleged violation of the Rules for Certified and Court-Appointed Mediators, including allegations of a lack of good moral character. A complaint may originate from any person or from the center.~~

(d)    ~~Complaint Committee. Three members of the board from the division in which a complaint against a mediator originates.~~

(e)    ~~Counsel. Counsel appointed by the center, at the direction of the complaint committee, responsible for presenting the complaint to the panel.~~

(f)    **Division.**  One of ~~3~~the standing divisions of the ~~mediator qualifications board,~~MQDRB established on a regional basis.

**(d)     DRC or Center.**  The Florida Dispute Resolution Center of the Office of the State Courts Administrator.

**(e)     File.**  To deliver to the office of the Florida Dispute Resolution Center of the Office of the State Courts Administrator pleadings, motions, instruments, and other papers for preservation and reference.

**(f)     Good Moral Character Inquiry.**  A process which is initiated based on information which comes to the attention of the DRC relating to the good moral character of a certified or court-appointed mediator or applicant for certification.

**(g)     Investigator.**  A certified mediator, ~~attorney~~lawyer, or other qualified individual ~~appointed~~retained by the ~~center~~DRC at the direction of a ~~complaint committee~~RVCC or a QIC to conduct an investigation.

**(h)     ~~Mediator.~~** ~~A person certified by the Florida Supreme Court or an individual mediating pursuant to court order.~~**MQDRB or Board.**  The Mediator Qualifications and Discipline Review Board.

**(i)     Panel.**  Five members of the ~~board~~MQDRB selected by the DRC by rotation to adjudicate the formal charges associated with a rule violation or a good moral character complaint, selected from the division in which ~~a~~the complaint ~~against a mediator originates~~arose unless, in the discretion of the DRC Director, there is good reason to choose members from 1 of the other divisions.

**(j)     ~~Qualifications Complaint Committee.~~** ~~Three members of the board selected for the purpose of considering referrals pursuant to rule 10.800.~~**Panel Adviser.**  A member of The Florida Bar retained by the DRC to assist a panel in performing its functions during a hearing.  A panel adviser provides procedural advice only, is in attendance at the hearing, is not part of the panel's private deliberations, but may sit in on deliberations in order to answer procedural questions and is authorized to draft the decision and opinion of the panel for approval by the full panel and execution by the Chair.

**(k)     Prosecutor.**  A member of The Florida Bar in good standing retained by the DRC to prosecute a complaint before a hearing panel.  The Prosecutor is authorized to perform additional investigation in order to prepare the case, negotiate a consent to charges and an agreement to the imposition of sanctions to be presented to the panel prior to the hearing, and to fully prosecute the case, including any post hearing proceedings.

**(l)    Qualifications Inquiry Committee or QIC.**  Four members of the MQDRB, no more than 1 from each division, selected by the DRC by rotation to serve for a 1-year period to conduct investigations and disposition of any good moral character inquiry for any applicant.

**(m)    Rule Violation Complaint.**  Formal submission of alleged violation(s) of the Florida Rules for Certified and Court-Appointed Mediators.  A complaint may originate from any person or from the DRC.

**(n)    Rule Violation Complaint Committee or RVCC.**  Three members of the MQDRB selected by the DRC by rotation to conduct the investigation and disposition of any rule violation complaint.


**RULE 10.730.    MEDIATOR QUALIFICATIONS AND DISCIPLINE REVIEW BOARD**

(a)    **Generally.**  The ~~mediator qualifications board~~Mediator Qualifications and Discipline Review Board (MQDRB) shall be composed of ~~3~~4 standing divisions that shall be located in the following regions:

(1)    ~~One division in north Florida,~~**Northern:**  encompassing the First, Second, Third, Fourth, Eighth, and Fourteenth judicial circuits;

(2)    ~~One division in central Florida,~~**Central:**  encompassing the Fifth, ~~Sixth,~~ Seventh, Ninth, Tenth, ~~Twelfth, Thirteenth, and~~ Eighteenth and Nineteenth judicial circuits;

(3)    ~~One division in south Florida,~~**Southeast:**  encompassing the Eleventh, Fifteenth, Sixteenth, and Seventeenth~~, Nineteenth, and Twentieth~~ judicial circuits~~.~~; and

(4)    **Southwest:**  encompassing the Sixth, Twelfth, Thirteenth, and Twentieth judicial circuits.

Other divisions may be formed by the ~~supreme court~~Supreme Court of Florida based on need.

- 26 -

**(b) Composition of Divisions.** Each division of the ~~board~~MQDRB shall be composed of:

**(1) Judges:** three circuit ~~or~~, county, or appellate judges;

**(2) County Mediators:** three certified county mediators;

**(3) Circuit Mediators:** three certified circuit court mediators;

**(4) Family Mediators:** three certified family mediators, at least 2 of whom shall be non-lawyers;

**(5) Dependency Mediators:** not less than 1 nor more than 3 certified dependency mediators, at least 1 of whom shall be a non-lawyer;

**(6) Appellate Mediators:** not less than 1 nor more than 3 certified appellate mediators; and

**(7) Attorneys:** three attorneys who are currently or were previously licensed to practice law in Florida for at least 3 years who have or had a substantial trial or appellate practice and are neither certified as mediators nor judicial officers during their terms of service on the ~~board~~MQDRB but who have a knowledge of and experience with mediation practice, statutes, and rules, at least 1 of whom shall have a substantial ~~dissolution of marriage~~family law practice.

**(c) Appointment; ~~Terms~~ and Term.** Eligible persons shall be appointed to the ~~board~~MQDRB by the chief justice of the Supreme Court of Florida for a period of 4 years. The terms of the ~~board~~MQDRB members shall be staggered. No member of the MQDRB shall serve more than 3 consecutive terms. The term of any member serving on a committee or panel may continue until the final disposition of their service on a case.

**(d) Rule Violation Complaint Committee (RVCC).** Each ~~complaint committee of the board~~RVCC shall be composed of 3 members. of the MQDRB selected by the DRC on a rotation basis. To the extent possible, members of a RVCC shall be selected from the division in which the alleged violation occurred. RVCCs are assigned to a single case; however they may be assigned to related cases to be disposed of collectively as is deemed appropriate by the DRC Director. A ~~complaint committee~~RVCC shall cease to exist after ~~disposing~~the disposition of

- 27 -

~~all~~the case(s) to which they are assigned ~~cases~~.  Each ~~complaint committee~~RVCC shall be composed of:

> (1)  [No Change]

> (2)  one mediator~~,~~ who is certified in the area to which the complaint refers; and

> (3)  [No Change]

**(e)  Qualifications ~~Complaint~~Inquiry Committee (QIC).**  ~~One member of each division shall serve as a member of the qualifications complaint committee~~Each QIC shall be composed of 4 members, 1 from each of the 4 divisions of the MQDRB, selected by the DRC on a rotation basis to serve for a period of 1 year or until completion of all assigned cases, whichever occurs later. The ~~qualifications complaint committee~~QIC shall be composed of:

> (1)  [No Change]

> (2)  ~~two~~three certified mediators.

**(f)  Panels.**  Each panel ~~of the board~~ shall be composed of 5 members of the MQDRB selected by the DRC on a rotation basis.  To the extent possible, members shall be selected from the division in which the alleged violation occurred or, in the case of a good moral character inquiry, from the division based on the Florida address of the subject of the inquiry.  Panels are assigned to a single case; however, they may be assigned to related cases to be disposed of collectively as is deemed appropriate by the DRC Director.  A panel shall cease to exist after disposing of all ~~assigned~~ cases to which it is assigned.  Each panel shall be composed of:

> (1)  one ~~circuit or county~~ judge, who shall serve as the chair;

> (2)  three certified mediators, at least 1 of whom shall be certified in the area to which the complaint or inquiry refers; and

> (3)  one attorney who shall serve as vice-chair.  The vice-chair shall act as the chair of the panel in the event of the unavailability of the chair.

**(g)** ~~Panel Vice Chair.~~  ~~Each panel once appointed shall elect a vice-chair.~~ ~~The vice-chair shall act as the chair of the panel in the absence of the~~ ~~chair.~~**Decision making.**  For all RVCCs, QICs, and panels, while unanimity is the preferred method of decision making, a majority vote shall rule.

## Committee Notes

**2000 Revision.**  In relation to (b)(5), the Committee believes that the ~~Chief~~chief ~~Justice~~justice should have discretion in the number of dependency mediators appointed to the ~~Board~~board depending on the number of certified dependency mediators available for appointment.  It is the intention of the Committee that when dependency mediation reaches a comparable level of activity to the other ~~three~~3 areas of certification, the full complement of ~~three~~3 representatives per division should be realized.

## RULE 10.740.    JURISDICTION AND POWERS

**(a)**  ~~Complaint Committee~~**RVCC**.  Each ~~complaint committee~~RVCC shall have such jurisdiction and powers as are necessary to conduct the proper and speedy investigation and disposition of any complaint.  The judge or attorney ~~presiding over~~chairing the ~~complaint committee~~RVCC shall have the power to compel ~~the attendance of witnesses, to take or to cause to be taken the depositions~~ ~~of witnesses, and to order the production of records or other documentary~~ ~~evidence, and the power of contempt.  The complaint committee shall perform its~~ ~~investigatory function and have concomitant power to resolve cases prior to panel~~ ~~referral.~~:

(1)    attendance of any person at a RVCC proceeding;

(2)    statements, testimony, and depositions of any person; and

(3)    production of documents, records, and other evidence.

The RVCC shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.

**(b)**  ~~Qualifications Complaint Committee~~**QIC**.  The ~~qualifications~~ ~~complaint committee shall have jurisdiction over all matters referred pursuant to~~ ~~rule 10.800.  The qualifications complaint committee~~QIC shall have such

- 29 -

jurisdiction and powers as are necessary to conduct the proper and speedy investigation and disposition of: any good moral character ~~complaint~~inquiry pursuant to rule 10.800; petitions for reinstatement; or other matters referred by the ~~center~~DRC.  The judge or attorney ~~presiding over~~chairing the ~~qualifications complaint committee~~QIC shall have the power to compel ~~the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, and to order the production of records or other documentary evidence, and the power of contempt.  The qualifications complaint committee shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.~~:

        (1)     attendance of any person at a QIC proceeding;

        (2)     statements, testimony, and depositions of any person; and

        (3)     production of documents, records, and other evidence.

The QIC shall perform its investigatory function and have concomitant power to resolve cases prior to panel referral.

**(c)** **Panel.**  Each panel shall have such jurisdiction and powers as are necessary to conduct the proper and speedy adjudication and disposition of any proceeding before it. ~~The judge presiding over each panel shall have the power to compel the attendance of witnesses, to take or to cause to be taken the depositions of witnesses, to order the production of records or other documentary evidence, and the power of contempt.~~  The panel shall perform the adjudicatory function, but shall not have any investigatory functions.

**(d)** ~~**Contempt.**~~ ~~Should any witness fail, without justification, to respond to the lawful subpoena of the complaint committee, the qualifications complaint committee, or the panel or, having responded, fail or refuse to answer all inquiries or to turn over evidence that has been lawfully subpoenaed, or should any person be guilty of disorderly or contemptuous conduct before any proceeding of the complaint committee, the qualifications complaint committee, or the panel, a motion may be filed by the complaint committee, the qualifications complaint committee, or the panel before the circuit court of the county in which the contemptuous act was committed. The motion shall allege the specific failure on the part of the witness or the specific disorderly or contemptuous act of the person which forms the basis of the alleged contempt of the complaint committee, the qualifications complaint committee, or the panel. Such motion shall pray for the issuance of an order to show cause before the circuit court why the circuit court~~

~~should not find the person in contempt of the complaint committee, the qualifications complaint committee, or the panel and the person should not be punished by the court therefor. The circuit court shall issue such orders and judgments therein as the court deems appropriate.~~**Panel Chair.** The chair of a panel shall have the power to:

        (1)    compel the attendance of witnesses;

        (2)    issue subpoenas to compel the depositions of witnesses;

        (3)    order the production of records or other documentary evidence;

        (4)    hold anyone in contempt prior to and during the hearing;

        (5)    implement procedures during the hearing;

        (6)    determine admissibility of evidence; and

        (7)    decide motions prior to or during the hearing.

The vice-chair of a panel, upon the unavailability of the chair, is authorized only to issue subpoenas or order the production of records or other documentary evidence.

**(e)    Contempt/Disqualification Judge.** One MQDRB judge member from each division shall be designated by the DRC, to serve for a term of 1 year, to hear all motions for contempt at the complaint committee level (RVCC or QIC) and hear motions for disqualification of any member of a RVCC, QIC or panel.

## RULE 10.750.    ~~STAFF~~**CONTEMPT PROCESS**

~~The center shall provide all staff support to the board necessary to fulfill its duties and responsibilities under these rules and perform all other functions specified in these rules.~~

**(a)  General.** Should any person fail, without justification, to respond to the lawful subpoena of a RVCC, QIC, or panel, or, having responded, fail or refuse to answer all inquiries or to turn over evidence that has been lawfully subpoenaed, or should any person be guilty of disorderly conduct, that person may be found to be in contempt.

**(b)   RVCC or QIC Contempt.**  A motion for contempt based on the grounds delineated in subdivision (a) above along with a proposed order to show cause may be filed before the contempt/disqualification judge in the division in which the matter is pending.  The motion shall allege the specific failure on the part of the person or the specific disorderly or contemptuous act of the person which forms the basis of the alleged contempt.

**(c)   Panel Contempt.**  The chair of a panel may hear any motions filed either before or during a hearing or hold any person in contempt for conduct occurring during the hearing.

## RULE 10.760.     DUTY TO INFORM

A certified mediator shall inform the DRC in writing within 30 days of having been reprimanded, sanctioned, or otherwise disciplined by any court, administrative agency, bar association, or other professional group.

## RULE 10.770.     STAFF

The DRC shall provide all staff support to the MQDRB necessary to fulfill its duties and responsibilities under these rules and perform all other functions specified in these rules.

## RULE 10.800.     GOOD MORAL CHARACTER; ~~PROFESSIONAL DISCIPLINE~~ INQUIRY PROCESS

**(a)**  ~~Good Moral Character.~~

~~(1)     Prior to approving an applicant for certification or renewal as a mediator the center shall review the application to determine whether the applicant appears to meet the standards for good moral character. If the center's review of an application for certification or renewal raises any questions regarding the applicant's good moral character, the center shall request the applicant to supply additional information as necessary. Upon completing this extended review, the center shall forward the application and supporting material as a complaint to the qualifications complaint committee.~~

~~(2) If the center becomes aware of any information concerning a certified mediator which could constitute credible evidence of a lack of good moral character, the center shall refer such information as a complaint to the qualifications complaint committee.~~

~~(3) The qualifications complaint committee shall review all documentation relating to the good moral character of any applicant or certified mediator in a manner consistent, insofar as applicable, with rule 10.810. In relation to an applicant, the qualifications complaint committee shall either recommend approval or, if it finds there is probable cause to believe that the applicant lacks good moral character, it shall refer the matter to a hearing panel for further action. In relation to a certified mediator, the qualifications complaint committee shall dismiss or, if there is probable cause to believe that the mediator lacks good moral character, refer the matter to a hearing panel for further action.~~

~~(4) The panel shall take appropriate action on the issue of good moral character by dismissing the charges, denying the application in relation to an applicant, or imposing sanctions against a certified mediator pursuant to rule 10.830.~~

~~(5) All such hearings shall be held in a manner consistent, insofar as applicable, with rule 10.820.~~**Generally.** Good moral character issues of applicants shall be heard by the QIC to determine if an applicant has the good moral character necessary to be certified pursuant to rule 10.110. If, during the term of certification of a mediator, the DRC becomes aware of any information concerning a certified mediator which could constitute credible evidence of a lack of good moral character under rule 10.110, the DRC shall refer such information to a RVCC as a rule violation complaint pursuant to 10.810. The QIC and RVCC shall be informed of the applicant's or mediator's prior disciplinary history.

**(b)** ~~Professional Licenses and Certifications.~~

~~(1) A certified mediator shall inform the center, in writing, of the change in status of any professional license held by the mediator within 30 days of such change.~~

~~(2) Upon becoming aware that a certified mediator has been disciplined by a professional organization of which that mediator is a member, the center shall refer the matter to the qualifications complaint committee.~~**Meetings.**

- 33 -

The QIC shall convene as necessary by conference call or other electronic means to consider all cases currently pending before it.

**(c)** **Initial Review.** Prior to approving a new or renewal application for certification, the DRC shall review the application and any other information to determine whether the applicant appears to meet the standards for good moral character under rule 10.110. If the DRC's review of an application for certification or renewal raises any questions regarding the applicant's good moral character, the DRC shall request the applicant to supply additional information as necessary. Upon completing this extended review, if the information continues to raise questions regarding the applicant's good moral character, the DRC shall forward the application and supporting material as an inquiry to the QIC.

**(d)** **Process.** In reviewing all documentation relating to the good moral character of any applicant, the QIC shall follow the process below.

(1) In relation to a new application, the QIC shall either recommend approval or, if it finds there is reason to believe that the applicant lacks good moral character, the QIC may do 1 or more of the following:

(A) offer the applicant the opportunity to withdraw his/her application prior to the finding of probable cause;

(B) offer the applicant the opportunity to satisfy additional conditions prior to approval of application; or

(C) prepare a complaint and submit the complaint to the DRC for forwarding to the applicant. The complaint shall state with particularity the specific facts and details that form the basis of the complaint. The applicant shall respond within 20 days of receipt of the complaint unless the time is otherwise extended by the DRC in writing.

(i) After the response is received, the QIC may:

1. dismiss the complaint and approve the application; or

2. make a finding of probable cause, prepare formal charges, and refer the matter to the DRC for assignment to a panel.

(2)    In relation to a renewal application, the QIC shall either recommend approval or, if it finds there is reason to believe that the renewal applicant lacks good moral character, the QIC may do 1 or more of the following:

(A)    offer the renewal applicant the opportunity to withdraw his/her application and may include the necessity to resign any other certifications prior to the finding of probable cause; or

(B)    offer the applicant the opportunity to satisfy additional conditions prior to approval of application; or

(C)    prepare a complaint and submit same to the DRC for forwarding to the applicant.  The complaint shall state with particularity the specific facts and details that form the basis of the complaint.  The applicant shall respond to the complaint within 20 days of receipt unless otherwise extended by the DRC in writing.

(i)    After the response is received, the QIC may:

1. dismiss the complaint and approve the renewal application; or

2. make a finding of probable cause, prepare formal charges and refer the matter to the DRC for assignment to a panel.

**(e)    Notification.**  Within 10 days of a matter being referred to the QIC, the DRC shall send notification to the applicant of the existence of a good moral character inquiry.  Notification to the applicant shall be made by certified mail addressed to the applicant's physical address on file with the DRC until such time as the mediator expressly agrees in writing to accept service electronically and then notification shall be made to the applicant's e-mail address on file with the DRC.

**(f)    Investigation.**  The QIC, after review of the information presented, may direct the DRC to retain the services of an investigator to assist the QIC in any of its functions.  The QIC, or any member or members thereof, may also conduct an investigation if authorized by the QIC chair.  Any investigation may include meeting with the applicant or any other person.

**(g)    QIC Meeting with the Applicant.**  Notwithstanding any other provision in this rule, at any time while the QIC has jurisdiction, it may meet with

the applicant in an effort to resolve the matter. This resolution may include additional conditions to certification if agreed to by the applicant. If additional conditions are accepted, all relevant documentation shall be forwarded to the DRC. These meetings may be in person, by teleconference, or other communication method at the discretion of the QIC.

**(h)  Notice and Publication.**  Any consensual resolution agreement with an applicant which includes sanctions shall be distributed by the DRC to all circuits and districts through the chief judges, all trial and appellate court administrators, the ADR directors, and mediation coordinators and published on the DRC page of the Florida Courts website with a summary of the case and a copy of the agreement.

**(i)  Review.**  If no other disposition has occurred, the QIC shall review all available information including the applicant's response to a complaint, any investigative report, and any underlying documentation to determine whether there is probable cause to believe that the alleged conduct would constitute evidence of the applicant's lack of good moral character.

**(j)  No Probable Cause.**  If the QIC finds no probable cause, it shall close the inquiry by dismissal and so advise the applicant in writing.

**(k)  Probable Cause and Formal Charges.**  If the QIC finds probable cause to believe the applicant lacks the good moral character necessary to be certified as a mediator, the QIC shall draft formal charges and forward such charges to the DRC for assignment to a panel. The charges shall include a statement of the matters regarding the applicant's lack of good moral character and references to the rules relating to those matters. At the request of the QIC, the DRC may retain a member in good standing of The Florida Bar to conduct such additional investigation as necessary and to draft the formal charges for the QIC. The formal charges shall be signed by the chair, or, in the alternative, by the remaining 3 members of the QIC.

**(l)  Withdrawal of Application.**  A withdrawal of an application does not result in the loss of jurisdiction by the QIC.

**(m)  Panel.**  If a matter is referred to a panel under this section, the process shall proceed pursuant to rule 10.820.

**Committee Notes**

**2015 Revision.** A lack of good moral character may be determined not only by 1 incident but also by the cumulative effect of many instances. In reviewing an application for matters concerning the good moral character of any applicant, prior disciplinary actions against the applicant, from whatever source, should be provided to the QIC for their review and consideration.

**RULE 10.810.** ~~COMMITTEE~~RULE VIOLATIONS COMPLAINT PROCESS

(a) **Initiation of Complaint.** Any individual ~~wishing to~~or the DRC may make a complaint alleging that a mediator has violated ~~one~~1 or more provisions of these rules ~~shall do so in writing under oath~~. The complaint from an individual shall be written, sworn to under oath and notarized using a form supplied by the DRC. A complaint initiated by the DRC need not be sworn nor notarized but shall be signed by the director or the DRC staff attorney, if any. The complaint shall state with particularity the specific facts and details that form the basis of the complaint.

(b) **Filing.** The complaint shall be filed with the ~~center~~DRC~~, or, in the alternative, the complaint may be filed in the office of the court administrator in the circuit in which the case originated or, if not case specific, in the circuit where the alleged misconduct occurred~~. Once received by the DRC, the complaint shall be stamped with the date of receipt.

(c) **Referral.** ~~The complaint, if filed in the office of the court administrator, shall be referred to the center within 5 days of filing.~~

~~(d)~~ **Assignment to a Rules Violation Complaint Committee (RVCC).** Upon receipt of a complaint ~~in proper form~~, the ~~center~~DRC shall assign the complaint to a ~~complaint committee or the qualifications complaint committee~~RVCC within ~~10 days~~a reasonable period of time. The RVCC shall be informed by the DRC of the mediator's prior disciplinary history. As soon as practical after the receipt of a complaint from an individual, the DRC shall send a notification of the receipt of the complaint to the complainant.

(e) **Facial Sufficiency Determination.** ~~The complaint committee or the qualifications complaint committee shall convene, either in person or by conference call, to determine whether the allegation(s), if true, would constitute a~~

violation of these rules. If the committee finds a complaint against a certified mediator to be facially insufficient, the complaint shall be dismissed without prejudice and the complainant and the mediator shall be so notified. If the qualifications complaint committee finds a complaint against an applicant to be facially insufficient, the complaint shall be dismissed and the application approved if all other requirements are met. If the complaint is found to be facially sufficient, the committee shall prepare a list of any rule or rules which may have been violated and shall submit such to the center.

**(d)** **Facial Sufficiency Determination.** The RVCC shall convene by conference call to determine whether the allegation(s), if true, would constitute a violation of these rules.

(1) If the RVCC finds a complaint against a mediator to be facially insufficient, the complaint shall be dismissed without prejudice and the complainant shall be so notified and given an opportunity to re-file within a 20-day time period. No complainant whose complaint is dismissed without prejudice pursuant to this section shall be permitted more than 1 additional filing to establish facial sufficiency.

(2) If the complaint is found to be facially sufficient, the RVCC shall prepare a list of any rule or rules which may have been violated and shall submit same to the DRC.

**(f)** **Service.** The center shall serve a copy of the list of alleged rule violations prepared by the committee, a copy of the complaint, and a copy of these rules to the mediator or applicant in question. Service on the mediator or applicant shall be made by certified mail addressed to the mediator or applicant at the mediator's or applicant's place of business or residence on file with the center. Mailing to such an address shall constitute service.

**(e)** **Service.** Upon the finding of facial sufficiency of a complaint, the DRC shall serve on the mediator a copy of the list of alleged rule violations, a copy of the complaint, and a link to an electronic copy of these rules or the rules which were in effect at the time of the alleged violation. Service on the mediator shall be made either electronically or by certified mail addressed to the mediator's physical or e-mail address on file with the DRC.

**(g)** **Response.** Within 20 days of the receipt of the list of violations prepared by the committee and the complaint, the mediator or applicant shall send

~~a written, sworn response to the center by registered or certified mail. If the~~
~~mediator or applicant does not respond, the allegations shall be deemed admitted.~~

**(f)      Response.**  Within 20 days of the receipt of the list of alleged rule violations and the complaint, the mediator shall send a written, sworn under oath, and notarized response to the DRC by registered or certified mail.  Unless extended in writing by the DRC, if the mediator does not respond within the 20-day time frame, the allegations shall be deemed admitted and the matter may be referred to a panel.

~~**(h)      Preliminary Review.**  Upon review of the complaint and the mediator's or applicant's response, the committee may find that no violation has occurred and dismiss the complaint. The committee may also resolve the issue pursuant to subdivision (j) of this rule.~~

~~**(i)      Appointment of Investigator.**  The committee, after review of the complaint and response, may direct the center to appoint an investigator to assist the committee in any of its functions. Such person shall investigate the complaint and advise the committee when it meets to determine the existence of probable cause. In the alternative to appointing an investigator, the committee or any member or members thereof may investigate the allegations, if so directed by the committee chair.  Such investigation may include meeting with the mediator, the applicant and the complainant.~~

~~**(j)      Committee Meeting with the Mediator or Applicant.**  Notwithstanding any other provision in this rule, at any time while the committee has jurisdiction, it may meet with the complainant and the mediator or applicant, jointly or separately, in an effort to resolve the matter. This resolution may include sanctions if agreed to by the mediator or applicant. If sanctions are accepted, all relevant documentation shall be forwarded to the center. Such conferences shall be in person, by video-conference or teleconference at the discretion of the committee.~~

**(g)      Resignation of Certification.**  A resignation of certification by a mediator after the filing of a complaint does not result in the loss of jurisdiction by the MQDRB.

**(h)      Investigation.**  The RVCC, after review of the complaint and response, may direct the DRC to appoint an investigator to assist the RVCC in any of its functions.  The RVCC, or any member or members thereof, may also conduct

an investigation if authorized by the RVCC chair.  Any investigation may include meeting with the mediator, the complainant or any other person.

**(i)     RVCC Meeting with the Complainant and Mediator.** Notwithstanding any other provision in this rule, at any time while the RVCC has jurisdiction, it may meet with the complainant and the mediator, jointly or separately, in an effort to resolve the matter.  This resolution may include sanctions as set forth in rule 10.840(a) if agreed to by the mediator.  If sanctions are accepted, all relevant documentation shall be forwarded to the DRC.  Such meetings may be in person, by teleconference, or other communication method, at the discretion of the RVCC.

**(j)     Notice and Publication.**  Any consensual resolution agreement which includes sanctions shall be distributed by the DRC to all circuits and districts through the chief judges, all trial and appellate court administrators, the ADR directors, and mediation coordinators and published on the DRC page of the Florida Courts website with a summary of the case, the rule or rules listed as violated, the circumstances surrounding the violation of the rules, and a copy of the agreement.

**(k)     Review.**  If no other disposition has occurred, the ~~committee~~RVCC shall review the complaint, the response, and any investigative report, including any underlying documentation, to determine whether there is probable cause to believe that the alleged misconduct occurred and would constitute a violation of the rules.

**(*l*)     No Probable Cause.**  If the ~~committee~~RVCC finds no probable cause, it shall dismiss the complaint with prejudice and so advise the complainant and the mediator ~~or applicant~~ in writing.  Such decision shall be final.

**(m)     Probable Cause Found.**  ~~If probable cause exists, the committee may draft formal charges and forward such charges to the center for assignment to a panel. In the alternative, the committee may decide not to pursue the case by filing a short and plain statement of the reason or reasons for non-referral and so advise the complainant and the mediator or applicant in writing.~~If the RVCC finds that probable cause exists, it may:

(1)     draft formal charges and forward such charges to the DRC for assignment to a panel; or

- 40 -

(2)     decide not to proceed with the case by filing an Order of Non-Referral containing a short and plain statement of the rules for which probable cause was found and the reason or reasons for non-referral, and so advise the complainant and the mediator in writing.

(n)     **Formal Charges and Counsel.**  ~~If the committee refers a complaint to the center, the committee shall submit to the center formal charges which shall include a short and plain statement of the matters asserted in the complaint and references to the particular sections of the rules involved.~~If the RVCC finds probable cause that the mediator has violated 1 or more of these rules, the RVCC shall draft formal charges and forward such charges to the DRC for assignment to a panel.  The charges shall include a statement of the matters asserted in the complaint relevant to the finding of rules violations, any additional information relevant to the finding of rules violations, and references to the particular sections of the rules violated.  The formal charges shall be signed by the chair, or, in the alternative, by the other 2 members of the RVCC. ~~After considering the circumstances of the complaint and the complexity of the issues to be heard, the committee may direct the center to appoint a member of The Florida Bar to investigate and prosecute the complaint. Such counsel may be the investigator appointed pursuant to this rule if such person is otherwise qualified.~~  At the request of the RVCC, the DRC may retain a member in good standing of The Florida Bar to conduct such additional investigation as necessary and draft the formal charges.

(~~o~~**o**)     **Dismissal.**  Upon the filing of a stipulation of dismissal signed by the complainant and the mediator, and with the concurrence of the ~~complaint committee~~RVCC, which may withhold concurrence, the ~~action~~complaint shall be dismissed with prejudice. ~~If an application is withdrawn by the applicant, the complaint shall be dismissed with or without prejudice depending on the circumstances.~~


**RULE 10.820.     HEARING PANEL PROCEDURES**

(a)     ~~**Assignment to Panel**~~**Notification of Formal Charges.**  ~~Upon referral of a complaint and formal charges from a committee, the center shall assign the complaint and formal charges or other matter to a panel for hearing, with notice of assignment to the complainant and the mediator or applicant. No member of the committee shall serve as a member of the panel.~~Upon the referral of formal charges to the DRC from a RVCC or QIC, the DRC shall promptly send a copy of

the formal charges to the mediator or applicant and complainant, if any, by certified mail, return receipt requested.

**(b)** ~~**Hearing.** The center shall schedule a hearing not more than 90 days nor less than 30 days from the date of notice of assignment of the matter to the panel. At any time prior to the hearing, the panel may accept an admission to any or all charges and impose sanctions upon the mediator. The panel shall not be required to physically meet in person to accept such admission.~~**Prosecutor.** Upon the referral of formal charges, the DRC shall retain the services of a member in good standing of The Florida Bar to prosecute the case.

**(c)** ~~**Dismissal.** Upon the filing of a stipulation of dismissal signed by the complainant and the mediator, and with the concurrence of the panel, a complaint shall be dismissed.~~**Panel Adviser.** After the referral of formal charges, the DRC may retain the services of a member in good standing of The Florida Bar to attend the hearing and advise and assist the panel on procedural and administrative matters.

**(d)** ~~**Procedures for Hearing.** The procedures for hearing shall be as follows:~~

~~(1) No hearing shall be conducted without 5 panel members being physically present.~~

~~(2) The hearing may be conducted informally but with decorum.~~

~~(3) The rules of evidence applicable to trial of civil actions apply but are to be liberally construed.~~

~~(4) Upon a showing of good cause to the panel, testimony of any party or witness may be presented over the telephone.~~**Assignment to Panel.** After the referral of formal charges to the DRC, the DRC shall send to the complainant, if any, and the mediator or applicant a Notice of Assignment of the case to a panel. No member of the RVCC or QIC that referred the formal charges shall serve as a member of the panel.

**(e)** ~~**Right to Defend.** A mediator or applicant shall have the right to defend against all charges and shall have the right to be represented by an attorney, to examine and cross-examine witnesses, to compel the attendance of witnesses to testify, and to compel the production of documents and other evidentiary matter~~

~~through the subpoena power of the panel.~~**Assignment of Related Cases.** If the DRC assigns related cases to a panel for a single hearing, any party to those cases may make a motion for severance which shall be heard by the chair of the panel.

**(f)** ~~**Mediator or Applicant Discovery.** The center shall, upon written demand of a mediator, applicant, or counsel of record, promptly furnish the following: the names and addresses of all witnesses whose testimony is expected to be offered at the hearing, together with copies of all written statements and transcripts of the testimony of such witnesses in the possession of the counsel or the center which are relevant to the subject matter of the hearing and which have not previously been furnished.~~**Time of the Hearing.** Absent stipulation of the parties or good cause, the DRC shall set the hearing for a date not more than 120 days nor less than 30 days from the date of the notice of assignment of the case to the panel. Within 10 days of the scheduling of the hearing, a notice of hearing shall be sent by certified mail to the mediator or applicant and his or her attorney, if any.

**(g)** ~~**Panel Discovery.** The mediator, applicant, or counsel of record shall, upon written demand of the counsel or the center, promptly furnish the following: the names and addresses of all witnesses whose testimony is expected to be offered at the hearing, together with copies of all written statements and transcripts of the testimony of such witnesses in the possession of the mediator, applicant, or counsel of record which are relevant to the subject matter of the hearing and which have not previously been furnished.~~**Admission to Charges.** At any time prior to the hearing, the panel may accept an admission to any or all charges and impose sanctions upon the mediator or applicant. The panel shall not be required to meet in person to accept any such admission and imposition of sanctions.

**(h)** ~~**Failure to Appear.** Absent a showing of good cause, if the complainant fails to appear at the hearing, the panel may dismiss a complaint for want of prosecution.~~**Dismissal by Stipulation.** Upon the filing of a stipulation of dismissal signed by the complainant, if any, the mediator or applicant, and the prosecutor and with the review and concurrence of the panel, which concurrence may be withheld, the case shall be dismissed with prejudice. Upon dismissal, the panel shall promptly forward a copy of the dismissal order to the DRC.

**(i)** ~~**Mediator's or Applicant's Absence.** If the mediator or applicant fails to appear, absent a showing of good cause, the hearing shall proceed.~~**Procedures for Hearing.** The procedures for a hearing shall be as follows:

**(1)** **Panel Presence.**  No hearing shall be conducted without the chair being physically present.  All other panel members must be physically present unless the chair determines that exceptional circumstances are shown to exist which include, but are not limited to, unexpected illness, unexpected incapacity, or unforeseeable and unavoidable absence of a panel member.  Upon such determination, the hearing may proceed with no fewer than 4 panel members, of which 1 is the chair.  In the event only 4 of the panel members are present, at least 3 members of the panel must agree on the decisions of the panel.  If 3 members of the panel cannot agree on the decision, the hearing shall be rescheduled.

**(2)** **Decorum.**  The hearing may be conducted informally but with decorum.

**(3)** **Oath.**  Anyone testifying in the hearing shall swear or affirm to tell the truth.

**(4)** **Florida Evidence Code.**  The rules of evidence applicable to trials of civil actions shall apply but are to be liberally construed.

**(5)** **Testimony.**  Testimony at the hearing may be given through the use of telephonic or other communication equipment upon a showing of good cause to the chair of the panel within a reasonable time prior to the hearing.

**(6)** **Right to Defend.**  A mediator or applicant shall have the right: to defend against all charges; to be represented by an attorney; to examine and cross-examine witnesses; to compel the attendance of witnesses to testify; and to compel the production of documents and other evidentiary matter through the subpoena power of the panel.

**(7)** **Mediator or Applicant Discovery.**  The prosecutor shall, upon written demand of a mediator, applicant, or counsel of record, promptly furnish the following:  the names and addresses of all witnesses whose testimony is expected to be offered at the hearing; copies of all written statements and transcripts of the testimony of such witnesses in the possession of the prosecutor or the DRC which are relevant to the subject matter of the hearing and which have not previously been furnished; and copies of any exhibits which are expected to be offered at the hearing.

**(8)    Prosecutor Discovery.**  The mediator, applicant, or their counsel of record shall, upon written demand of the prosecutor, promptly furnish the following:  the names and addresses of all witnesses whose testimony is expected to be offered at the hearing; copies of all written statements and transcripts of the testimony of such witnesses in the possession of the mediator, applicant or their counsel of record which are relevant to the subject matter of the hearing and which have not previously been furnished; and copies of any exhibits which are expected to be offered at the hearing.

**(9)    Complainant's Failure to Appear.**  Absent a showing of good cause, if the complainant fails to appear at the hearing, the panel may dismiss the case.

**(10)    Mediator's or Applicant's Failure to Appear.**  If the mediator or applicant has failed to answer the underlying complaint or fails to appear, the panel may proceed with the hearing.

**(A)**    If the hearing is conducted in the absence of a mediator or applicant who failed to respond to the underlying complaint and the allegations were therefore admitted, no further notice to the mediator or applicant is necessary and the decision of the panel shall be final.

**(B)**    If the hearing is conducted in the absence of a mediator or applicant who submitted a response to the underlying complaint, the DRC shall notify the mediator or applicant that the hearing occurred and whether the matter was dismissed or if sanctions were imposed.  The mediator or applicant may petition for rehearing by showing good cause for such absence.  A petition for rehearing must be received by the DRC and the prosecutor no later than 10 days from receipt of the DRC notification.  The prosecutor shall file a response, if any, within 5 days from receipt of the petition for rehearing.  The disposition of the petition shall be decided solely by the chair of the panel and any hearing required by the chair of the panel may be conducted telephonically or by other communication equipment.

**(11)    Reporting of Proceedings.**  Any party shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings reported and transcribed by a court reporter at the party's expense.

**(j)    Rehearing.**  If the matter is heard in the mediator's or applicant's absence, the mediator or applicant may petition for rehearing, for good cause,

- 45 -

~~within 10 days of the date of the hearing.~~**Decision of Panel.**  Upon making a determination that the case shall be dismissed or that the imposition of sanctions or denial of application is appropriate, the panel shall promptly notify the DRC of the decision including factual findings and conclusions signed by the chair of the panel.  The DRC shall thereafter promptly mail a copy of the decision to all parties.

(k)    **Recording.**  ~~Any party shall have the right, without any order or approval, to have all or any portion of the testimony in the proceedings reported and transcribed by a court reporter at the party's expense.~~**Notice to Circuits and Districts.**  In every case  in which a mediator or applicant has had sanctions imposed by agreement or decision, such agreement or decision shall be sent by the DRC to all circuits and districts through the chief judges, all trial and appellate court administrators, the ADR directors, and mediation coordinators.

(*l*)    **Dismissal.**  ~~Upon dismissal, the panel shall promptly file a copy of the dismissal order with the center.~~**Publication.**  Upon the imposition of sanctions, whether by consent of the mediator or applicant and approval by the panel or by decision of the panel after a hearing, the DRC shall publish the name of the mediator or applicant, a summary of the case, a list of the rule or rules which were violated, the circumstances surrounding the violation, and a copy of the decision of the panel.  Such publication shall be on the DRC page of the Florida Courts website and in any outside publication at the discretion of the DRC Director.

~~(m)    **Sanctions.**  If, after the hearing, a majority of the panel finds that there is clear and convincing evidence to support a violation of the rules, the panel shall impose such sanctions included in rule 10.830 as it deems appropriate and report such action to the center.~~

~~(n)    **Denial of Application for Certification.**  If, after a hearing, a majority of the panel finds by the preponderance of the evidence that an applicant should not be certified as a mediator, the panel shall deny the application and report such action to the center.~~

**RULE 10.830.    ~~SANCTIONS~~BURDEN OF PROOF**

~~(a)  **Generally.**  The panel may impose one or more of the following sanctions:~~

~~(1)    Imposition of costs of the proceeding.~~

- 46 -

(2)   Oral admonishment.

(3)   Written reprimand.

(4)   Additional training, which may include the observation of mediations.

(5)   Restriction on types of cases which can be mediated in the future.

(6)   Suspension for a period of up to 1 year.

(7)   Decertification or, if the mediator is not certified, bar from service as a mediator under Florida Rules of Civil Procedure.

(8)   Such other sanctions as are agreed to by the mediator and the panel.

**(b)   Conviction of Felony.**  If the panel finds that a certified mediator has a felony conviction, it shall decertify the mediator for a period of not less than two years or until restoration of civil rights, whichever comes later. In order to become a reinstated, such decertified mediator must comply with the requirements of subdivision (h).

**(c)   Failure to Comply.**  If there is reason to believe that the mediator failed to timely comply with any imposed sanction, a hearing shall be held before a panel convened for that purpose within 60 days of the date when the center learned of the alleged failure to comply. The hearing shall also include any additional alleged failures to comply of which the center becomes aware prior to the date of the hearing. The holding of a hearing shall not preclude a subsequent hearing on an alleged failure occurring after the first alleged failure. Any suspension in effect at the time of discovery of the violation by the center shall continue in effect until a decision is reached at the hearing. A finding of the panel that there was a willful failure to substantially comply with any imposed sanction shall result in the decertification of the mediator.

**(d)   Decertified Mediators.**  If a mediator has been decertified or barred from service pursuant to these rules, the mediator shall not thereafter be certified or assigned to mediate a case pursuant to court rule or be designated as mediator pursuant to court rule unless reinstated.

**(e)  Decision to be Filed.**  ~~Upon making a determination that discipline is appropriate, the panel shall promptly file with the center a copy of the decision including findings and conclusions certified by the chair of the panel. The center shall promptly mail to all parties notice of such filing, together with a copy of the decision.~~

**(f)  Notice to Circuits.**  ~~The center shall notify all circuits of any mediator who has been decertified or suspended unless otherwise ordered by the Supreme Court of Florida.~~

**(g)  Publication.**  ~~Upon the imposition of sanctions, the center shall publish the name of the mediator, a short summary of the rule or rules which were violated, the circumstances surrounding the violation, and any sanctions imposed.~~

**(h)  Reinstatement After Suspension.**  ~~Except if inconsistent with rule 10.110, a mediator who has been suspended shall be reinstated as a certified mediator upon the expiration of the imposed or accepted suspension period and satisfaction of any additional renewal obligations.~~

**(i)  Reinstatement After Decertification.**  ~~Except if inconsistent with rule 10.110, a mediator who has been decertified may be reinstated as a certified mediator. Except as otherwise provided in the decision of the panel, no application for reinstatement may be tendered within 2 years after the date of decertification. The reinstatement procedures shall be as follows:~~

~~(1)  A petition for reinstatement, together with 6 copies, shall be made in writing, verified by the petitioner, and filed with the center.~~

~~(2)  The petition for reinstatement shall contain:~~

~~(A)  the name, age, residence, and address of the petitioner;~~

~~(B)  the offense or misconduct upon which the decertification was based, together with the date of such decertification; and~~

~~(C)  a concise statement of facts claimed to justify reinstatement as a certified mediator.~~

(3)    The center shall refer the petition for reinstatement to a hearing panel in the appropriate division for review.

(4)    The panel shall review the petition and, if the petitioner is found to be unfit to mediate, the petition shall be dismissed. If the petitioner is found fit to mediate, the panel shall notify the center and the center shall reinstate the petitioner as a certified mediator contingent on the petitioner's completion of a certified mediation training program of the type for which the petitioner seeks to be reinstated. Successive petitions for reinstatement based upon the same grounds may be reviewed without a hearing.

**(a)    Rule Violation.**  The burden of proof for rule violations other than good moral character is clear and convincing evidence.

**(b)    Good Moral Character.**  The burden of proof for any good moral character issue is the preponderance of the evidence.

## RULE 10.840.    ~~SUBPOENAS~~SANCTIONS

**(a)    Issuance.**  Subpoenas for the attendance of witnesses and the production of documentary evidence for discovery and for the appearance of any person before a complaint committee, a panel, or any member thereof, may be issued by the chair of the complaint committee or panel or, if the chair of the panel is absent, by the vice-chair. Such subpoenas may be served in any manner provided by law for the service of witness subpoenas in a civil action.

**(b)    Failure to Obey.**  Any person who, without adequate excuse, fails to obey a duly served subpoena may be cited for contempt of the committee or panel in accordance with rule 10.740.

**(a)    Generally.**  The mediator or applicant may be sanctioned pursuant to the following:

(1)    by agreement with a RVCC or QIC;

(2)    by agreement with a panel to the imposition of sanctions; or

(3)    by imposition of sanctions by a panel as a result of their deliberations.

**(b)    Types of Sanctions.**  Sanctions may include 1 or more of the following:

(1)    denial of an application;

(2)    oral admonishment;

(3)    written reprimand;

(4)    additional training, which may include the observation of mediations;

(5)    restriction on types of cases which can be mediated in the future;

(6)    supervised mediation;

(7)    suspension for a period of up to 1 year;

(8)    decertification or, if the mediator is not certified, bar from service as a mediator under any rule of court or statute pertaining to certified or court-appointed mediators;

(9)    costs incurred prior to, during, and subsequent to the hearing. The specific categories and amounts of such costs are to be decided by the chair of the panel upon submission of costs by the DRC or the prosecutor, and shall include only:

(A)    all travel expenses for members of the panel;

(B)    all travel expenses for witnesses, prosecutor, panel adviser, and DRC Director or designee;

(C)    court reporter fees and transcription;

(D)    fees and costs for all investigation services;

(E)    telephone/conference call charges;

(F)    postage and delivery;

(G)    notary charges;

(H)    interpretation and translation services; and

(I)    copy costs.

(10)    any other sanctions as deemed appropriate by the panel.

**(c)    Failure to Comply With Sanctions.**

(1)    If there is a reasonable belief that a mediator or applicant failed to comply with any sanction, unless otherwise provided for in the agreement with a RVCC or QIC or the decision of the panel, the DRC may file a motion for contempt with the Contempt/Disqualification Judge of the division in which the sanctions were agreed to or imposed and serve the mediator or applicant with a copy of the motion.

(2)    The mediator or applicant shall file a response within 20 days of receipt of the motion for contempt.

(3)    If no response is filed, the allegations of the motion are admitted.

(4)    The DRC shall thereafter set a hearing with the Contempt/Disqualification Judge and provide notice to the mediator or applicant. The holding of a hearing shall not preclude subsequent hearings on any other alleged failure.

(5)    Any sanction in effect at the time that the DRC has a reasonable belief that a violation of the sanctions has occurred shall continue in effect until a decision is reached by the Contempt/Disqualification Judge.

(6)    A finding by the Contempt/Disqualification Judge that there was a willful failure to substantially comply with any imposed or agreed-to sanction shall result in the automatic decertification of the mediator for no less than 2 years after which the mediator shall be required to apply as a new applicant.

**RULE 10.850.** ~~CONFIDENTIALITY~~<u>SUSPENSION, DECERTIFICATION, DENIAL OF APPLICATION, AND REMOVAL</u>

~~(a)   **Generally.**  Until sanctions are imposed, whether by the panel or upon agreement of the mediator, all proceedings shall be confidential. After sanctions are imposed by a panel or an application is denied, all documentation including and subsequent to the filing of formal charges shall be public with the exception of those matters which are otherwise confidential under law or rule of the supreme court, regardless of the outcome of any appeal. If a consensual agreement is reached between a mediator and a complaint committee, only the basis of the complaint and the agreement shall be released to the public.~~

~~(b)   **Witnesses.**  Each witness in every proceeding under these disciplinary rules shall be sworn to tell the truth and not disclose the existence of the proceeding, the subject matter thereof, or the identity of the mediator until the proceeding is no longer confidential under these disciplinary rules. Violation of this oath shall be considered an act of contempt of the complaint committee or the panel.~~

~~(c)   **Papers to be Marked.**  All notices, papers, and pleadings mailed prior to formal charges being filed shall be enclosed in a cover marked "confidential."~~

~~(d)   **Breach of Confidentiality.**  Violation of confidentiality by a member of the board shall subject the member to removal by the chief justice of the Supreme Court of Florida.~~

~~**Committee Notes**~~

~~**1995 Revision:**  The Committee believed the rule regarding confidentiality should be amended in deference to the 1993 amendment to section 44.102, Florida Statutes, that engrafted an exception to the general confidentiality requirement for all mediation sessions for the purpose of investigating complaints filed against mediators. Section 44.102(4) specifically provides that "the disclosure of an otherwise privileged communication shall be used only for the internal use of the body conducting the investigation" and that "[Prior] to the release of any disciplinary files to the public, all references to otherwise privileged communications shall be deleted from the record."~~

These provisions created a substantial potential problem when read in conjunction with the previous rule on confidentiality, which made public all proceedings after formal charges were filed. In addition to the possibly substantial burden of redacting the files for public release, there was the potentially greater problem of conducting panel hearings in such a manner as to preclude the possibility that confidential communications would be revealed during testimony, specifically the possibility that any public observers would have to be removed prior to the elicitation of any such communication only to be allowed to return until the next potentially confidential revelation. The Committee believes that under the amended rule the integrity of the disciplinary system can be maintained by releasing the results of any disciplinary action together with a redacted transcript of panel proceedings, while still maintaining the integrity of the mediation process.

**2008 Revision.** The recent adoption of the Florida Mediation Confidentiality and Privilege Act, sections 44.401 - 44.406, Florida Statutes, renders the first paragraph of the 1995 Revision Committee Notes inoperative. The second paragraph explains the initial rationale for the rule, which is useful now from a historical standpoint.

(a) **Suspension.** During the period of suspension, compliance with all requirements for certification must be met including, but not limited to, submittal of renewal application, fees and continuing education requirements.

(b) **Reinstatement After Suspension.** A mediator who has been suspended shall be reinstated as a certified mediator, unless otherwise ineligible, upon the expiration of the suspension period and satisfaction of any additional obligations contained in the sanction document.

(c) **Automatic Decertification or Automatic Denial of Application.** A mediator or applicant shall automatically be decertified or denied application approval without the need for a hearing upon the following:

(1) **Conviction of Felony of Certified Mediator.** If the DRC finds that a certified mediator has a felony conviction, the mediator shall automatically be decertified from all certifications and notification and publication of such decertification shall proceed pursuant to rule 10.820(j) and (k). The decertified mediator may not apply for any certification for a period of 2 years or until restoration of civil rights, whichever comes later.

**(2)  Conviction of Felony of Applicant.**  If the DRC finds that an applicant for certification has a felony conviction and has not had civil rights restored, the application shall be automatically denied and may not be resubmitted for consideration until restoration of civil rights.

**(3)  Revocation of Professional License of Certified Mediator.**  If the DRC finds that a certified mediator has been disbarred from any state or federal bar or has had any professional license revoked, the mediator shall be automatically decertified and cannot reapply for certification for a period of 2 years.

**(4)  Revocation of Professional License of Applicant.**  If the DRC finds that an applicant for certification has been disbarred from any state or federal bar or has had any professional license revoked, the applicant shall be automatically denied approval and cannot reapply for certification for a period of 2 years.

**(5)  Notification and Publication.**  In the event of an automatic denial of an application or decertification, the DRC shall follow all procedures for notification and publication as stated in rule 10.820(k) and (l).

**(d)  Decertified Mediators.**  If a mediator or applicant has been decertified or barred from service pursuant to these rules, the mediator or applicant shall not thereafter be assigned or appointed to mediate a case pursuant to court rule or order or be designated as a mediator by the parties in any court proceeding.

**(e)  Removal From Supreme Court Committees.**  If a member of the MQDRB, the ADR Rules and Policy Committee, the Mediator Ethics Advisory Committee, the Mediator Training Review Board, or any supreme court committee related to alternative dispute resolution processes established in the future, is disciplined, suspended, or decertified, the DRC shall immediately remove that member from the committee or board on which the member serves.

**(f)  Reinstatement After Decertification.**

(1)  Except if inconsistent with rule 10.110, or subdivision (b) of this rule, a mediator who has been decertified may be reinstated as a certified mediator after application unless the document decertifying the mediator states otherwise.

(2)    Unless a greater time period has been imposed by a panel or rule, no application for reinstatement may be submitted prior to 1 year after the date of decertification.

(3)    The reinstatement procedures shall be as follows:

(A)    A petition for reinstatement shall be made in writing, sworn to by the petitioner, notarized under oath, and filed with the DRC.

(B)    The petition shall contain:

(i)  a new and current application for mediator certification along with required fees;

(ii)  a description of the offense or misconduct upon which the decertification was based, together with the date of such decertification and the case number;

(iii)  a copy of the sanction document decertifying the mediator;

(iv)  a statement of facts claimed to justify reinstatement as a certified mediator; and

(v)  if the period of decertification is 2 years or more, the petitioner shall complete a certified mediation training program of the type for which the petitioner seeks to be reinstated and complete all mentorship and other requirements in effect at the time.

(C)    The DRC shall refer the petition for reinstatement to the current QIC.

(D)    The QIC shall review the petition for reinstatement.  If there are no matters which make the mediator otherwise ineligible and if the petitioner is found to have met the requirements for certification, the QIC shall notify the DRC and the DRC shall reinstate the petitioner as a certified mediator. However, if the decertification was for 2 or more years, reinstatement shall be contingent on the petitioner's completion of a certified mediation training program of the type for which the petitioner seeks to be reinstated.

**RULE 10.860.** ~~INTERESTED PARTY~~<u>SUBPOENAS</u>

~~A mediator is disqualified from serving on a committee or panel proceeding involving the mediator's own discipline or decertification.~~

(a) **RVCC or QIC.** Subpoenas for the production of documents or other evidence and for the appearance of any person before a RVCC or QIC, or any member thereof, may be issued by the chair of the RVCC or QIC. If the chair is unavailable, the subpoena may be issued by the remaining members of the RVCC or QIC.

(b) **Panel.** Subpoenas for the attendance of witnesses and the production of documents or other evidence before a panel may be issued by the chair of the panel. If the chair of a panel is unavailable, the subpoena may be issued by the vice-chair.

(c) **Service.** Subpoenas may be served in any manner provided by law for the service of witness subpoenas in a civil action.

(d) **Failure to Obey.** Any person who, without good cause shown, fails to obey a duly served subpoena may be cited for contempt in accordance with rule 10.750.

**RULE 10.870.** ~~DISQUALIFICATION OF MEMBERS OF A PANEL OR COMMITTEE~~<u>CONFIDENTIALITY</u>

~~(a) **Procedure.** In any case, any party may at any time before final disciplinary action show by a suggestion filed in the case that a member of the board before which the case is pending, or some person related to that member, is a party to the case or is interested in the result of the case or that the member is related to an attorney or counselor of record in the case or that the member is a material witness for or against one of the parties to the case.~~

~~(b) **Facts to be Alleged.** A motion to disqualify shall allege the facts relied on to show the grounds for disqualification and shall be verified by the party.~~

~~(c) **Time for Motion.** A motion to disqualify shall be made within a reasonable time after discovery of the facts constituting grounds for disqualification.~~

**(d) Action by Chair.** ~~The chair of the appropriate committee or panel shall determine only the legal sufficiency of the motion. The chair shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the chair shall enter an order of disqualification and the disqualified committee or panel member shall proceed no further in the action. In the event that the chair is the challenged member, the vice-chair shall perform the acts required under this subdivision.~~

**(e) Recusals.** ~~Nothing in this rule limits a board member's authority to enter an order of recusal on the board member's own initiative.~~

**(f) Replacement.** ~~The center shall assign a board member to take the place of any disqualified or recused member.~~

**(g) Qualifications.** ~~Each assignee shall have the same qualifications as the disqualified or recused member.~~

**(a) Generally.** Until the finding of probable cause, all communications and proceedings shall be confidential. Upon the filing of formal charges, the formal charges and all documents created subsequent to the filing of formal charges shall be public with the exception of those matters which are otherwise confidential under law or rule of the supreme court, regardless of the outcome of any appeal. If a consensual agreement is reached between a mediator or applicant and a RVCC or QIC, only a summary of the allegations and a link or copy of the agreement may be released to the public and placed on the DRC page of the Florida Courts website.

**(b) Breach of Confidentiality.** Violation of confidentiality by a member of the MQDRB shall subject the member to discipline under these rules and removal from the MQDRB by the chief justice of the Supreme Court of Florida.

## Committee Notes

**1995 Revision.** The Committee believed the rule regarding confidentiality should be amended in deference to the 1993 amendment to section 44.102, Florida Statutes, that engrafted an exception to the general confidentiality requirement for all mediation sessions for the purpose of investigating complaints filed against mediators. Section 44.102(4) specifically provides that "the disclosure of an otherwise privileged communication shall be used only for the internal use of the body conducting the investigation" and that "[Prior] to the release of any

disciplinary files to the public, all references to otherwise privileged communications shall be deleted from the record."

These provisions created a substantial potential problem when read in conjunction with the previous rule on confidentiality, which made public all proceedings after formal charges were filed. In addition to the possibly substantial burden of redacting the files for public release, there was the potentially greater problem of conducting panel hearings in such a manner as to preclude the possibility that confidential communications would be revealed during testimony, specifically the possibility that any public observers would have to be removed prior to the elicitation of any such communication only to be allowed to return until the next potentially confidential revelation. The Committee believes that under the amended rule the integrity of the disciplinary system can be maintained by releasing the results of any disciplinary action together with a redacted transcript of panel proceedings, while still maintaining the integrity of the mediation process.

**2008 Revision.** The recent adoption of the Florida Mediation Confidentiality and Privilege Act, sections 44.401 - 44.406, Florida Statutes, renders the first paragraph of the 1995 Revision Committee Notes inoperative. The second paragraph explains the initial rationale for the rule, which is useful now from a historical standpoint.

**RULE 10.880.** ~~SUPREME COURT CHIEF JUSTICE REVIEW~~**DISQUALIFICATION AND REMOVAL OF MEMBERS OF A COMMITTEE, PANEL OR THE BOARD**

~~**(a) Right of Review.** Any mediator or applicant found to have committed a violation of these rules or otherwise sanctioned by a hearing panel shall have a right of review of that action. Review of this type shall be by the chief justice of the Supreme Court of Florida or by the chief justice's designee. A mediator shall have no right of review of any resolution reached under rule 10.810(j).~~

~~**(b) Rules of Procedure.** The Florida Rules of Appellate Procedure, to the extent applicable and except as otherwise provided in this rule, shall control all appeals of mediator disciplinary matters.~~

~~(1) The jurisdiction to seek review of disciplinary action shall be~~

invoked by submitting an original and one copy of a Notice of Review of Mediator Disciplinary Action to the chief justice within 30 days of the panel's decision. A copy shall also be provided to the Center.

(2) The notice of review shall be substantially in the form prescribed by rule 9.900(a), Florida Rules of Appellate Procedure. A copy of the panel decision shall be attached to the notice.

(3) Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, Florida Rules of Appellate Procedure, shall be served within 30 days of submitting the notice of review. Additional briefs shall be served as prescribed by rule 9.210, Florida Rules of Appellate Procedure.

(c) **Standard of Review.** The review shall be conducted in accordance with the following standard of review:

(1) The chief justice or designee shall review the findings and conclusions of the panel using a competent substantial evidence standard, neither reweighing the evidence in the record nor substituting the reviewer's judgment for that of the panel.

(2) Decisions of the chief justice or designee shall be final upon issuance of a mandate under rule 9.340, Florida Rules of Appellate Procedure.

(a) **Disqualification of Member.** A member of the MQDRB is disqualified from serving on a RVCC, QIC or panel involving that member's own discipline or decertification.

(b) **Party Request for Disqualification of a MQDRB Member.** Any party may move to disqualify a member of the committee or panel before which the case is pending. Factors to be considered include, but are not limited to:

(1) the member or some person related to that member is interested in the result of the case;

(2) the member is related to an attorney or counselor of record in the case; or

(3) the member is a material witness for or against 1 of the parties to the case.

**(c)     Facts to Be Alleged.**  Any motion to disqualify shall be in writing, allege the facts relied on to show the grounds for disqualification and shall be made under oath by the moving party.

**(d)     Time for Motion.**  A party shall file a motion to disqualify with the DRC not later than 10 days after the movant discovered or reasonably should have discovered the facts which would constitute grounds for disqualification.

**(e)     Action by Contempt/Disqualification Judge.**  One of the Contempt/Disqualification Judges shall rule on any motions for disqualification.

**(f)     Board Member Initiative.**  A member of any committee or panel may disqualify him/herself on the member's own initiative at any time.

**(g)     Replacement.**  Depending on the circumstances, the DRC may replace any disqualified member.

**(h)     Qualifications for New Member.**  Each new member serving as a replacement shall have the same qualifications as the disqualified member, but, if needed, may be chosen from a different division of the MQDRB.

## RULE 10.890.     LIMITATION ON TIME TO INITIATE A COMPLAINT

**(a)     Rule Violations.**  Except as otherwise provided in this rule, complaints alleging violations of the Florida Rules for Certified and Court-Appointed Mediators shall not be filed later than 2 years after the date on which the party had a reasonable opportunity to discover the violation, but in no case more than 4 years after the date of the violation.

**(b)     Felonies.**  There shall be no limit on the time in which to file a complaint alleging a conviction of a felony by an applicant or mediator.

**(c)     Good Moral Character.**  A complaint alleging lack of good moral character in connection with an application under these rules shall not be filed later than 4 years after the date of the discovery by the DRC of the matter(s) evidencing a lack of good moral character.

**RULE 10.900.** ~~MEDIATOR ETHICS ADVISORY COMMITTEE~~<u>SUPREME COURT CHIEF JUSTICE REVIEW</u>

~~**(a)** **Scope and Purpose.** The Mediator Ethics Advisory Committee shall provide written advisory opinions to mediators subject to these rules in response to ethical questions arising from the Standards of Professional Conduct. Such opinions shall be consistent with supreme court decisions on mediator discipline.~~

~~**(b)** **Appointment.** The Mediator Ethics Advisory Committee shall be composed of 9 members, 3 from each geographic division served by the Mediator Qualifications Board. No member of the Mediator Qualifications Board shall serve on the committee.~~

~~**(c)** **Membership and Terms.** The membership of the committee shall be composed of 1 county mediator, 1 family mediator, and 1 circuit mediator from each division and shall be appointed by the chief justice. At least one of the 9 members shall also be a certified dependency mediator, and at least one of the 9 members shall also be a certified appellate mediator. All appointments shall be for 4 years. No member shall serve more than 2 consecutive terms. The committee shall select 1 member as chair and 1 member as vice-chair.~~

~~**(d)** **Meetings.** The committee shall meet in person or by telephone conference as necessary at the direction of the chair to consider requests for advisory opinions. A quorum shall consist of a majority of the members appointed to the committee. All requests for advisory opinions shall be in writing. The committee may vote by any means as directed by the chair.~~

~~**(e)** **Opinions..** Upon due deliberation, and upon the concurrence of a majority of the committee, the committee shall render opinions. A majority of all members shall be required to concur in any advisory opinion issued by the committee. The opinions shall be signed by the chair, or vice-chair in the absence of the chair, filed with the Dispute Resolution Center, published in the Dispute Resolution Center newsletter, and be made available upon request.~~

~~**(f)** **Effect of Opinions.** While reliance by a mediator on an opinion of the committee shall not constitute a defense in any disciplinary proceeding, it shall be evidence of good faith and may be considered by the board in relation to any determination of guilt or in mitigation of punishment.~~

**(g)     Confidentiality.**  ~~Prior to publication, all references to the requesting mediator or any other real person, firm, organization, or corporation shall be deleted from any request for an opinion, any document associated with the preparation of an opinion, and any opinion issued by the committee. This rule shall apply to all opinions, past and future.~~

**(h)     Support.**  ~~The Dispute Resolution Center shall provide all support necessary for the committee to fulfill its duties under these rules.~~

### ~~Committee Notes~~

~~**2000 Revision.**  The Mediator Ethics Advisory Committee was formerly the Mediator Qualifications Advisory Panel.~~

**(a)     Right of Review.**  Any mediator or applicant found to have committed a violation of these rules or otherwise sanctioned by a hearing panel shall have a right of review of that action.  Review of this type shall be by the chief justice of the Supreme Court of Florida or by the chief justice's designee.  A mediator shall have no right of review of any resolution reached under rule 10.800(g) and 10.810(i).

**(b)     Rules of Procedure.**  The Florida Rules of Appellate Procedure, to the extent applicable and except as otherwise provided in this rule, shall control all appeals of mediator disciplinary matters.

(1)     The jurisdiction to seek review of disciplinary action shall be invoked by submitting an original and 1 copy of a Notice of Review of Mediator Disciplinary Action to the chief justice within 30 days of the panel's decision.  A copy shall also be provided to the DRC.

(2)     The notice of review shall be substantially in the form prescribed by rule 9.900(a), Florida Rules of Appellate Procedure.  A copy of the panel decision shall be attached to the notice.

(3)     Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.210, Florida Rules of Appellate Procedure, shall be served within 30 days of submitting the notice of review.  Additional briefs shall be served as prescribed by rule 9.210, Florida Rules of Appellate Procedure.

**(c)     Standard of Review.**  The review shall be conducted in accordance with the following standard of review:

(1)     The chief justice or designee shall review the findings and conclusions of the panel using a competent substantial evidence standard, neither reweighing the evidence in the record nor substituting the reviewer's judgment for that of the panel.

(2)     Decisions of the chief justice or designee shall be final upon issuance of a mandate under rule 9.340, Florida Rules of Appellate Procedure.


## RULE 10.910.     MEDIATOR ETHICS ADVISORY COMMITTEE

**(a)     Scope and Purpose.**  The Mediator Ethics Advisory Committee shall provide written advisory opinions to mediators subject to these rules in response to ethical questions arising from the Standards of Professional Conduct.  Such opinions shall be consistent with supreme court decisions on mediator discipline.

**(b)     Appointment.**  The Mediator Ethics Advisory Committee shall be composed of 9 members, 3 from each geographic division served by the Mediator Qualifications and Discipline Review Board.  No member of the Mediator Qualifications and Discipline Review Board shall serve on the committee.

**(c)     Membership and Terms.**  The membership of the committee shall be composed of 1 county mediator, 1 family mediator, and 1 circuit mediator from each division and shall be appointed by the chief justice.  At least one of the 9 members shall also be a certified dependency mediator, and at least one of the 9 members shall also be a certified appellate mediator.  All appointments shall be for 4 years.  No member shall serve more than 2 consecutive terms.  The committee shall select 1 member as chair and 1 member as vice-chair.

**(d)     Meetings.**  The committee shall meet in person or by telephone conference as necessary at the direction of the chair to consider requests for advisory opinions.  A quorum shall consist of a majority of the members appointed to the committee. All requests for advisory opinions shall be in writing.  The committee may vote by any means as directed by the chair.

**(e)     Opinions.**  Upon due deliberation, and upon the concurrence of a majority of the committee, the committee shall render opinions.  A majority of all members shall be required to concur in any advisory opinion issued by the committee.  The opinions shall be signed by the chair, or vice-chair in the absence

of the chair, filed with the Dispute Resolution Center, published in the Dispute Resolution Center newsletter, and be made available upon request.

**(f)    Effect of Opinions.**  While reliance by a mediator on an opinion of the committee shall not constitute a defense in any disciplinary proceeding, it shall be evidence of good faith and may be considered by the board in relation to any determination of guilt or in mitigation of punishment.

**(g)    Confidentiality.**  Prior to publication, all references to the requesting mediator or any other real person, firm, organization, or corporation shall be deleted from any request for an opinion, any document associated with the preparation of an opinion, and any opinion issued by the committee.  This rule shall apply to all opinions, past and future.

**(h)    Support.**  The Dispute Resolution Center shall provide all support necessary for the committee to fulfill its duties under these rules.

### Committee Notes

**2000 Revision.**  The Mediator Ethics Advisory Committee was formerly the Mediator Qualifications Advisory Panel.