# Supreme Court of Florida

_____

No. SC17-259

_____

**IN RE: AMENDMENTS TO FLORIDA RULE FOR CERTIFIED AND COURT-APPOINTED MEDIATORS 10.900.**

[May 4, 2017]

PER CURIAM.

The Court, on its own motion, amends Florida Rule for Certified and Court-Appointed Mediators 10.900[1] (Supreme Court Chief Justice Review) to clarify the procedure for submitting a notice of review of mediator disciplinary action to the Chief Justice of this Court.[2]

The amendments to rule 10.900 require a notice of review of mediator disciplinary action to be filed with the Clerk of this Court, rather than, as currently required, submitted directly to the Chief Justice who, under the rule, either

---

1. The procedure for seeking review of a disciplinary action by a Mediator Qualifications and Discipline Review Board hearing panel was recently moved from rule 10.880 to rule 10.900 in In re Amendments to the Florida Rules for Certified and Court-Appointed Mediators, 202 So. 3d 795 (Fla. 2016).

2. We have jurisdiction. See art. V, § 2(a), Fla. Const.; § 44.106, Fla. Stat. (2016).

conducts the review proceedings or designates another reviewer. Requiring filing

with the Clerk will provide a clear mechanism for submitting a notice of review

and all other documents submitted in review proceedings. This requirement also

will streamline the submission process and make oversight of the "filings" in these

review proceedings more manageable for court staff.

Accordingly, we amend the Florida Rules for Certified and Court-Appointed

Mediators as reflected in the appendix to this opinion. New language is indicated

by underscoring; deletions are indicated by struck-through type. The amendments

shall become effective immediately upon the release of this opinion. Because the

amendments were not published for comment prior to their adoption, interested

persons shall have sixty days from the date of this opinion in which to file

comments with the Court.[3]

---

3. All comments must be filed with the Court on or before July 3, 2017, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk,

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules for Certified and Court-Appointed Mediators

---

500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

## RULE 10.900. SUPREME COURT CHIEF JUSTICE REVIEW

   (a) **Right of Review.** Any mediator or applicant found to have committed a violation of these rules or otherwise sanctioned by a hearing panel shall have a right of review of that action. Review of this type shall be by the chief justice of the Supreme Court of Florida or by the chief justice's designee. A mediator shall have no right of review of any resolution reached under rule 10.800(g) and 10.810(i).

   (b) **Rules of Procedure.** The Florida Rules of Appellate Procedure, to the extent applicable and except as otherwise provided in this rule, shall control all appeals of mediator disciplinary matters.

   (1) The jurisdiction to seek review of disciplinary action shall be invoked by ~~submitting~~filing ~~an original and 1 copy of~~ a Notice of Review of Mediator Disciplinary Action ~~to the chief justice~~with the clerk of the supreme court within 30 days of the panel's decision. A copy shall ~~also~~ be provided to the DRC.

   (2) The notice of review shall be substantially in the form prescribed by rule 9.900(a), Florida Rules of Appellate Procedure. A copy of the panel decision shall be attached to the notice.

   (3) Appellant's initial brief, accompanied by an appendix as prescribed by rule 9.210, Florida Rules of Appellate Procedure, shall be served within 30 days of submitting the notice of review. Additional briefs shall be served as prescribed by rule 9.210, Florida Rules of Appellate Procedure.

   (c) **Standard of Review.** The review shall be conducted in accordance with the following standard of review:

   (1) The chief justice or designee shall review the findings and conclusions of the panel using a competent substantial evidence standard, neither reweighing the evidence in the record nor substituting the reviewer's judgment for that of the panel.

   (2) Decisions of the chief justice or designee shall be final upon issuance of a mandate under rule 9.340, Florida Rules of Appellate Procedure.