# Supreme Court of Florida

————————

No. SC17-935

————————

**IN RE: AMENDMENTS TO FLORIDA RULE FOR CERTIFIED AND COURT-APPOINTED MEDIATORS 10.910.**

[June 22, 2017]

PER CURIAM.

This matter is before the Court on a petition of the Supreme Court Committee on Alternative Dispute Resolution Rules and Policy (Committee), proposing amendments to rule 10.910 (Mediator Ethics Advisory Committee) of the Florida Rules for Certified and Court-Appointed Mediators (Mediator Rules). We have jurisdiction. See art. V, §2(a), Fla. Const.; see also § 44.106, Fla. Stat. (2016).

The Committee's petition proposes amendments to Mediator Rule 10.910 following this Court's opinion in In re Amendments to the Florida Rules for Certified & Court-Appointed Mediators, 202 So. 3d 795 (Fla. 2016), adopting amendments to Mediator Rule 10.730 (Mediator Qualifications and Discipline Review Board) to authorize a fourth standing division of the Mediator

Qualifications and Discipline Review Board (MQDRB).  We have fully considered the Committee's petition, and we adopt the amendments as proposed.

We first amend Mediator Rule 10.910 in subdivision (b) (Appointment) to provide that the membership of the Mediator Ethics Advisory Committee shall be composed of nine members, two from each of the four divisions of the MQDRB, and one member from any of the four divisions.  Additionally, we amend subdivision (c) (Membership and Terms) to require that the membership of the Mediator Ethics Advisory Committee shall include one county mediator, one family mediator, one circuit mediator, one dependency mediator, one appellate mediator, and four additional mediators who hold any type of Florida Supreme Court mediator certification.  Finally, we amend subdivision (e) (Opinions) to allow the Dispute Resolution Center greater latitude in publishing advisory opinions of the Mediator Ethics Advisory Committee.

Accordingly, the Florida Rules for Certified and Court-Appointed Mediators are hereby amended as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments shall become effective immediately upon release of this opinion.  Because the amendments were not published for comment prior to their adoption,

interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

1. The Court invites all interested persons to comment on the amendments, which are reproduced in full below, as well as online at http://www.floridasupremecourt.org/decisions/opinions.shtml. All comments must be filed with the Court on or before August 21, 2017, with a certificate of service verifying that a copy has been served on the Committee Chair, Honorable Rodney Smith, Eleventh Judicial Circuit Court, 73 West Flagler Street, Room 1401, Miami, Florida 33130, rsmith@jud11.flcourts.org, and on support staff to the Committee, Juan R. Collins, Dispute Resolution Center, Florida Supreme Court Building, 500 South Duval Street, Tallahassee, Florida 32399, collinsj@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until September 11, 2017, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. See In re Electronic Filing in the Florida Supreme Court, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Original Proceeding – Florida Rules for Certified and Court-Appointed Mediators

Judge Rodney Smith, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Miami, Florida; and Juan R. Collins, Senior Attorney I, Dispute Resolution Center, Tallahassee, Florida,

for Petitioner

**Rule 10.910.     MEDIATOR ETHICS ADVISORY COMMITTEE**

**(a)  [No change]**

**(b)  Appointment.**  The Mediator Ethics Advisory Committee shall be composed of 9 members, ~~3~~2 from each of the 4~~geographic~~ division~~s served by~~of the Mediator Qualifications and Discipline Review Board and the ninth member from any of the 4 divisions.  No member of the Mediator Qualifications and Discipline Review Board shall serve on the committee.

**(c)  Membership and Terms.**  The membership of the committee, appointed by the chief justice, shall be composed of 1 county mediator, 1 family mediator, ~~and~~ 1 circuit mediator, 1 dependency mediator, 1 appellate mediator, and 4 additional mediators who hold any type of Florida Supreme Court mediator certification~~from each division and shall be appointed by the chief justice.  At least one of the 9 members shall also be a certified dependency mediator, and at least one of the 9 members shall also be a certified appellate mediator.~~  All appointments shall be for 4 years.  No member shall serve more than 2 consecutive terms.  The committee shall select 1 member as chair and 1 member as vice-chair.

**(d)  [No change]**

**(e)  Opinions.**  Upon due deliberation, and upon the concurrence of a majority of the committee, the committee shall render opinions.  A majority of all members shall be required to concur in any advisory opinion issued by the committee.  The opinions shall be signed by the chair, or vice-chair in the absence of the chair, filed with the Dispute Resolution Center, published ~~in the Dispute Resolution Center newsletter~~by the Dispute Resolution Center, and be made available upon request.

**(f)-(h)      [No change]**

**Committee Notes**
[No change]