# Supreme Court of Florida

_____

No. SC17-935

_____

**IN RE:  AMENDMENTS TO FLORIDA RULE FOR CERTIFIED AND COURT-APPOINTED MEDIATORS 10.910.**

[March 15, 2018]

PER CURIAM.

In the June 22, 2017, opinion in this case, we adopted amendments to Florida Rule for Certified and Court-Appointed Mediators (Mediator Rule) 10.910 (Mediator Ethics Advisory Committee).  *See In re Amends. to Fla. Rule for Certified & Court-Appointed Mediators 10.910 (In re Mediator Rules)*, 220 So. 3d 408 (Fla. 2017).[1]  Specifically, as relevant here, we amended Mediator Rule 10.910 in subdivision (e) (Opinions) to allow the Dispute Resolution Center (DRC) greater latitude in publishing advisory opinions of the Mediator Ethics Advisory Committee (MEAC) by removing the specification that the opinions be published in the DRC's newsletter.

_____

1. We have jurisdiction.  *See* art. V, §2(a), Fla. Const.; *see also* § 44.106, Fla. Stat. (2016).

Because the Committee on Alternative Dispute Resolution Rules and Policy (Committee) filed a time-sensitive petition proposing the amendments, the proposed amendments were not published for comment prior to being adopted. Accordingly, in adopting the Committee's proposed amendments, we provided for a period of sixty days after the date of the Court's opinion for interested persons to file comments with the Court, followed by a period of twenty-one days for the Committee to file a response to any comments filed. *See In re Mediator Rules,* 220 So. 3d at 409 & n.1.

The Court received three comments concerning subdivision (e) (Opinions). The Committee filed a response to the comments, which included an additional proposed amendment to subdivision (e) to specify that advisory opinions of the MEAC are to be published in the DRC's newsletter or on the DRC's website. Upon consideration of the comments filed, and the Committee's response, we adopt the amendment to subdivision (e) as proposed by the Committee. We amend Mediator Rule 10.910 in subdivision (e) to require that advisory opinions of the MEAC be published either in the DRC's newsletter or on its website.

Accordingly, the Florida Rules for Certified and Court-Appointed Mediators are hereby amended as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules for Certified and Court-Appointed Mediators

Judge Rodney Smith, Chair, Committee on Alternative Dispute Resolution Rules and Policy, Miami, Florida; and Juan R. Collins, Senior Attorney, Dispute Resolution Center, Tallahassee, Florida,

for Petitioner

Irwin R. Eisenstein, Orlando, Florida; Dwayne E. Hickman Sr. of Hickman Mediations & Arbitrations LLC., Kissimmee, Florida; Jack Hughes of Lee County Justice Center, Fort Myers, Florida; and Matthew B. Capstraw of The Marks Law Firm, P.A., Orlando, Florida,

Responding with comments

# APPENDIX

## Rule 10.910.          MEDIATOR ETHICS ADVISORY COMMITTEE

**(a)-(d)**    **[No change]**

**(e)**  **Opinions.**  Upon due deliberation, and upon the concurrence of a majority of the committee, the committee shall render opinions.  A majority of all members shall be required to concur in any advisory opinion issued by the committee.  The opinions shall be signed by the chair, or vice-chair in the absence of the chair, filed with the Dispute Resolution Center, published by the Dispute Resolution Center in its newsletter, or by posting on the DRC website, and be made available upon request.

**(f)-(h)**    **[No change]**

### Committee Notes
[No change]